**Harold J. HASBROUCK, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Mike Baca, Commissioner, Gary B. Rose, Commissioner, John J. McDonald, Commissioner, Colorado Division of Labor, Hyland Hills Park and Recreation District, and State Compensation Insurance Fund, Respondents.**

**No. 83CA0674.**

Colorado Court of Appeals,
Div. I.

April 26, 1984.
Rehearing Denied May 31, 1984.

Culkin & Vogel, Francis K. Culkin, Ruth K. Vogel, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Commission, Mike Baca, Gary B. Rose, John J. McDonald, Colorado Division of Labor, and Hyland Park and Recreation District.

Pamela Musgrave, William J. Baum, Denver, for respondent State Compensation Insurance Fund.

BABCOCK, Judge.

In this workmen's compensation case, claimant seeks review of an order of the Industrial Commission dismissing his petition to review a referee's supplemental order denying claimant benefits. We affirm.

The referee entered his initial order denying claimant benefits on November 3, 1981. On November 19, 1981, one day after the fifteen-day period prescribed by statute had lapsed, see § 8–53–106(3), C.R.S., claimant filed a petition to review the referee's summary order. The respondent State Compensation Insurance Fund (Fund) made no objection to the timeliness of claimant's petition for review, and on September 13, 1982, the referee issued a supplemental order again denying claimant benefits. Thereafter, claimant timely filed a petition to review the referee's supplemental order with the Industrial Commission. In dismissing claimant's petition, the Commission determined that the claimant's failure to file a timely petition for review of the referee's initial order deprived the Commission of jurisdiction over the matter.

Claimant contends that the referee's summary order of November 3, 1981, was not a final order subject to the fifteen-day review provisions of § 8–53–106(3), C.R.S. We disagree.

Section 8–53–104, C.R.S., which was in effect on the date of the referee's initial order, provided that: "[T]he referee shall make a summary order allowing or denying said claim without being required to make specific findings of fact... [S]aid order shall be entered as the *final* award of the director subject to review as provided in articles 40 to 54 of this title." (emphasis added)

■ Under the plain language of this statute, the referee's initial order was subject to the fifteen-day review requirements set forth in § 8–53–106, C.R.S. Thus, we conclude that claimant's failure to file a timely petition to review the referee's initial order of November 3, 1981, deprived the Commission of jurisdiction over the matter. *See Wallace v. Industrial Commission*, 629 P.2d 1091 (Colo.App.1981); *Gerber v. Erbert Homes*, 28 Colo.App. 210, 471 P.2d 428 (1970).

Claimant also contends that the Fund, by its continued participation in the proceedings after the entry of the referee's initial order of November 3, 1981, consented to continuing jurisdiction of the referee and the Commission. In the alternative, claimant asserts that by its conduct the Fund waived any objection to or should be estopped from challenging the jurisdiction of the Commission. We disagree.

■ The procedural requirements for review under the Workmen's Compensation Act constitute limitations on the Commission's jurisdiction, and these jurisdictional limitations "cannot be waived ... or destroyed by consent, and cannot be estopped." *Industrial Commission v. Plains Utility Co.*, 127 Colo. 506, 259 P.2d 282 (1953); *Vieweg v. B.F. Goodrich Co.*, 170 Colo. 71, 459 P.2d 759 (1969). The cases relied on by the claimant, *e.g., Tyler v. Hagerman*, 88 Colo. 60, 291 P. 1033 (1930) and *Industrial Commission v. Employer's Liability Assurance Corp.*, 78 Colo. 267, 241 P. 729 (1925), were decided prior to *Industrial Commission v. Plains Utility Co., supra*, and to the extent they are inconsistent therewith, must be deemed to have been overruled by the Supreme Court in that case.

Because the Commission lacked jurisdiction over the matter we do not consider claimant's remaining contentions.

Order affirmed.

PIERCE and STERNBERG, JJ., concur.