**Clarence GOEGLEIN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Wayne E. Beaman, the Director of the Division of Labor, Respondents.**

**No. 84CA0052.**

Colorado Court of Appeals, Div. IV.

July 26, 1984.

The Elliott Law Offices, James E. Elliott, Jr., Wheat Ridge, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for respondent Wayne E. Beaman, the Director of the Div. of Labor.

COYTE *, Judge.

Employer, Clarence Goeglein, seeks review of a final order of the Industrial Commission dismissing his petition for review of an award of workmen's compensation benefits because of his failure to file a timely designation of record. We set aside the order.

Claimant, Wayne E. Beaman, filed a claim alleging that he had sustained a work-related injury while employed by employer. Following a 1982 hearing before the Division of Labor, a hearing officer entered an order on July 18, 1983, awarding claimant temporary total disability benefits and medical benefits. Employer filed a petition for review of the order and a brief in support of the petition on August 2, 1983. The hearing officer dismissed the petition for review on September 7, finding that it did not comply with § 8–53–111(1), C.R.S. (1983 Cum.Supp.) because employer had failed to designate the specific portions of the record relied upon. The Industrial Commission affirmed, on the basis that the designation of record is a jurisdictional requirement for consideration of a petition for review.

On review, employer contends that his petition was sufficient to comply with the pertinent designation of record requirements.

Section 8–53–111(1), states that a petition for review:

"shall be in writing and shall set forth in detail the particular errors and objections

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

of the petitioner and shall designate the specific portions of the records relied upon."

Section 8–53–114(1), C.R.S. (1983 Cum. Supp.) states that:

"Any order ... is final unless a petition to review or appeal has been filed in accordance with this article."

The hearing, which resulted in the referee's order, was held in July of 1982. The entire transcript of that hearing was filed with the referee on September 10, 1982. The referee's order was not entered until July 18, 1983. Hence, the transcript of the hearing on which employer relied was on file at the time of entry of the order. The brief of employer referred to specific portions of the transcript by page and line. There is no contention that the brief was not timely filed. Since the brief referred to the specific portions of the record relied upon, we hold that the petition, together with the transcript on file, was sufficient designation of the record to comply with the requirements of the statute.

The order dismissing the petition is set aside, and the cause is remanded to the Commission for remand to the hearing officer for ruling on the merits of employer's motion.

VAN CISE, J., and LEE, JUSTICE,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).