**Margaret Lupe MARTINEZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, Brown Palace Hotel, Employer, and United States Fidelity and Guaranty, Insurer, Respondents.**

**No. 84CA1204.**

Colorado Court of Appeals,
Div. I.

June 6, 1985.

As Modified on Denial of Rehearing
July 18, 1985.

Certiorari Denied Nov. 4, 1985.

Kenneth A. Padilla, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert,

Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for respondents Brown Palace Hotel and U.S. Fidelity & Guar. Co.

STERNBERG, Judge.

The issue in this review is whether the timely filing of a petition for review of an order is sufficient to confer jurisdiction for the review when the claimant has specified the orders objected to, but has failed simultaneously to order the record and transcript of the hearings challenged. We rule that it is sufficient and, therefore, set aside the Commission's order dismissing the petition.

The facts pertinent to our review are that on January 3, 1984, the claimant filed a petition for review of the hearing officer's December 19, 1983, order. That order was based on a November 24, 1982, hearing relating to compensation for an injury that occurred in April 1982. Claimant's petition for review set out in 22 separate paragraphs her objections and exceptions to the December 1983 order. The petition did not include references to specific parts of the transcript, nor did it include a separate motion for preparation of the transcript; it did, however, refer generally to the challenged portions of the record.

Concluding that claimant's petition suffered from a jurisdictional defect the hearing officer eventually granted the employer's motion to dismiss the petition upon a finding that the claimant's motion to prepare a transcript was due January 3, 1984, but was dated January 6, 1984, and was not filed on January 3, 1984, with the petition for review as required. The claimant then petitioned this court for review of the dismissal.

We agree with the claimant that the dismissal of the petition for review was error. At the time claimant filed her petition, § 8–53–111, C.R.S. (1983 Cum.Supp.) required that a petition for review:

"Shall be in writing and shall set forth in detail the particular errors and objections

of petitioner and shall designate the specific portions of the records relied upon."

The claimant's petition for review was sufficient to give the notice required by the statute because it was in writing, did set forth the claimant's particular objections and claims of error, and did identify the November 27, 1982, hearing and the December 19, 1983, order as the portions of the record relied upon for the appeal.

■ Because this petition, timely filed, gave notice to the employer and the Industrial Commission that claimant was asking for a review of the decision, and gave notice as to the grounds for the review, it was sufficient to meet the jurisdictional requirements. *See Goeglein v. Industrial Commission,* 686 P.2d 1377 (Colo.App.1984); *cf. Sanchez v. Straight Creek Construction Co.,* 41 Colo.App. 19, 580 P.2d 827 (1978) (claimant's notification to the Industrial Commission of his petition for review to the Colorado Court of Appeals, where no petition was filed with the Commission, did not serve as notice for purpose of review by the Commission).

■ In reaching this conclusion, we note that the Workmen's Compensation Act is remedial and beneficent in purpose, and should be liberally construed to effectuate its humanitarian purpose of assisting injured workers. *See James v. Irrigation Motor & Pump Co.,* 180 Colo. 195, 503 P.2d 1025 (1972). Further, hypertechnical construction of the terms and provisions of the Act are to be avoided, especially where there is no prejudice to other parties. *See City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967).

Here, the construction urged by the respondents would operate to prevent the claimant from presenting the merits of her claim, even though timely notice of the claims was filed with the Commission. Also, no prejudice to the employer or the Commission has been claimed or shown. Therefore, we find that the claimant's petition for review was sufficient to meet the statutory requirements of designation of

record, and the Commission did have jurisdiction to hear the appeal.

The order of the Commission dismissing the claimant's petition for review is set aside, and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and BERMAN, JJ., concur.