**WESTERN EMPIRE CONSTRUCTORS, INC. and Commercial Union Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Robert D. Holdsworth; and Director Division of Labor, Department of Labor and Employment, Respondents.**

No. 88CA1810.

Colorado Court of Appeals,
Division V.

Jan. 26, 1989.

Clifton & Hemphill, P.C., James R. Clifton, Denver, for petitioners.

Steven U. Mullens, Colorado Springs, for respondent Robert D. Holdsworth.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Dept. of Labor and Employment.

CRISWELL, Judge.

This workmen's compensation matter is before us for consideration of the motion of claimant, Robert D. Holdsworth, for enlargement of time in which to file a cross-appeal. We conclude that a petition for review, whether it is denominated an appeal or a cross-appeal, must be filed within 20 days after the date of the certificate of mailing of the Industrial Claim Appeals Panel's final order. Accordingly, we deny the motion for enlargement of time.

C.A.R. 3.1(a) provides that an appeal from a final order of the Panel "shall be in the manner and within the time prescribed by statute." Section 8–53–111(8), C.R.S. (1986 Repl.Vol. 3B), which governs appellate review of workmen's compensation matters, provides that: "Any party dissatisfied with the panel's order shall have twenty days after the date of the certificate of mailing of such order to file an appeal with the court of appeals."

Section 8–53–111(8) does not provide for the filing of a cross-petition for review in workmen's compensation matters; rather, it requires any *party* to seek review within twenty days of the Panel's final order. Furthermore, the statute does not contain a provision allowing an extension of time in which to file a petition for review. *See Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo.App.1985).

Accordingly, claimant's motion for extension of time in which to seek review is denied.

PLANK and NEY, JJ., concur.