**Mark BUSCHMANN, Petitioner,**

v.

**GALLEGOS MASONRY, INC., Colorado Compensation Insurance Authority, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 90CA0174.

Colorado Court of Appeals,
Div. III.

Jan. 17, 1991.

Shakeshaft & Chernushin, P.C., Kenneth J. Shakeshaft, Colorado Springs, for petitioner.

John Berry, Denver, for respondents Gallegos Masonry, Inc. and Colorado Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge RULAND.

In seeking reconsideration of an order of the Administrative Law Judge (ALJ) in a workers' compensation proceeding, the

claimant, Mark Buschmann, mailed his petition for review to the Denver office of the Division of Labor. The sole issue is whether the timely mailing of claimant's petition to review is sufficient to confer jurisdiction upon the ALJ to act, even though it was mailed to the wrong office. We agree with the Panel's conclusion that the mailing defect divested the ALJ of jurisdiction, and thus, we affirm its order.

The ALJ temporarily suspended the claimant's benefits in an order mailed to the parties on June 12, 1989, from the Colorado Springs office of the Division of Labor. The order advised claimant of his right to review and stated explicitly that any petition to review would have to be mailed, or delivered, to the Colorado Springs office within twenty days after the mailing date of the order.

Claimant's petition to review, accompanied by a letter dated June 26, was sent, via certified mail, to the Denver office. The petition was received on June 27. However, the petition was not sent by the Denver office to the Colorado Springs office until July 7, four days beyond the twenty-day period established under § 8–53–111(1.1), C.R.S. (1986 Repl.Vol. 3B) (now codified as § 8–43–301(2), C.R.S. (1990 Cum. Supp.)). The ALJ dismissed the petition, finding that it was not timely filed. The Panel affirmed.

Claimant argues that the jurisdictional requisites of the statute were satisfied by the timely mailing of his petition to review, notwithstanding that the document was mailed to the wrong office. We do not agree.

 The timely filing of a petition to review is a jurisdictional requirement, *Hasbrouck v. Industrial Commission*, 685 P.2d 780 (Colo.App.1984), and thus, the statutory provisions governing administrative and appellate review are strictly enforced. *See In re Claim of Newman v. McKinley Oil Field Service*, 696 P.2d 238 (Colo.1984); *Western Empire Constructors, Inc. v. Industrial Claim Appeals Office*, 769 P.2d 1089 (Colo.App.1989). The timely filing requirement extends to and requires that a petition be filed with the

proper administrative or judicial forum. *See Trujillo v. Industrial Commission*, 31 Colo.App. 297, 501 P.2d 1344 (1972).

Under the statute as it existed before 1988, a petition to review could be filed with either the Director of the Division of Labor or with the hearing officer. However, in that year, the General Assembly amended the statute to include language which now provides, in pertinent part:

"Any party dissatisfied with an order ... may file a petition to review with the director, if the order was entered by the director, *or with the administrative law judge at the place indicated in the order, if the order was entered by the administrative law judge,* and serve the same by mail on all the parties. Such petition shall be filed within twenty days from the date of the certificate of mailing of the order, and, unless so filed, such order shall be final. *The petition to review may be filed by mail and shall be deemed filed upon the date of mailing as determined by the certificate of mailing.*" Section 8–43–301(2), C.R.S. (1990 Cum.Supp.) (emphasis added)

 The amendment of a statute generally evidences an intent by the General Assembly to change the law. *See People in re Interest of D.B.*, 767 P.2d 801 (Colo. App.1988).

In recent years the General Assembly has adopted various amendments to the Workers' Compensation Act designed to expedite resolution of compensation claims. *See* § 8–43–301(8), C.R.S. (1990 Cum. Supp.); § 8–43–301(9), C.R.S. (1990 Cum. Supp.). Consistent with that statutory scheme, the General Assembly obviously determined that a more precise filing requirement was necessary to insure the expeditious functioning of the administrative review process in the various offices of the Division of Labor throughout the state. And, unlike the statute governing employment compensation proceedings, *see* § 8–74–106(1)(b), C.R.S. (1986 Repl.Vol. 3B), no provision was included for granting extensions of time in the workers' compensation scheme. *See Western Empire Constructors, Inc. v. Industrial Claim Appeals Office, supra; Cornstubble v. Indus-*

*trial Commission,* 722 P.2d 448 (Colo.App. 1986).

To adopt claimant's construction of the statutory language would eliminate the requirement in the statute that the petition be mailed or delivered to the designated office. But, this we cannot do as we must apply the amendment as written. *See Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Contrary to claimant's contention, we do not view the opinion of this court in *Martinez v. Industrial Commission,* 709 P.2d 49 (Colo.App.1985) as inconsistent with the result we reach here. In *Martinez,* we held that the designation of a record is not a jurisdictional prerequisite under the former version of the statute. *Martinez,* however, is inapposite because the petition to review in that case was timely and properly filed in the first instance.

Therefore, we hold that if a failure properly to mail or deliver a petition for review of an ALJ's order in a workers' compensation proceeding results in an untimely filing at the office indicated in the ALJ's order, then the petition is jurisdictionally defective and review on the merits is barred. Hence, claimant's petition to review was properly dismissed.

The order is affirmed.

METZGER and NEY, JJ., concur.