**Justin D. PICKEN, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Vail Associates, Inc., Respondents.**

**No. 94CE0001.**

Colorado Court of Appeals,
Div. C.

April 7, 1994.

Stovall & Goodman, P.C., Kerry H. Wallace, Avon, for petitioner.

No appearance for respondent Indus. Claim Appeals Office.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Christine A. McBride, Denver, for respondent Vail Associates, Inc.

Opinion by Judge METZGER.

This workers' compensation case is before us for consideration of the response of Justin D. Picken, claimant, to this court's order to show cause why his petition for certiorari should not be dismissed because it was not timely filed. We dismiss the petition.

The Industrial Claim Appeals Panel entered a final order denying the claim for benefits on December 16, 1993, and mailed it to all parties on the same date. Claimant's petition for certiorari was due on January 5, 1994, but was not filed until January 6, 1994.

In response to this court's order to show cause why the petition should not be dismissed, claimant contends that he timely placed it in a Federal Express pick-up box on January 4, 1994, for delivery the next day.

However, he asserts that the document was not picked up until January 5, 1994, and consequently was not delivered to this court until January 6, 1994. Based on these circumstances, claimant requests an extension of time under C.A.R. 4 to file his petition on the basis of excusable neglect. Alternatively, he contends that good cause, as set forth in *Estep v. People,* 753 P.2d 1241 (Colo.1988), exists to allow an extension of time under C.A.R. 26(b). We cannot agree.

■ C.A.R. 46.1 is applicable to injuries occurring on or after July 1, 1991, *see Martinez v. Regional Transportation District,* 832 P.2d 1060 (Colo.App.1992), and provides that:

> A petition for writ of certiorari to review an order of the Industrial Claim Appeals Panel ('Division') shall be filed by any aggrieved party with the clerk of the Court of Appeals no later than 20 days after the date stated in the certificate of mailing of such order, and a copy of the petition shall be filed with the Industrial Claim Appeals Office no later than 20 days after the date as stated in the certificate of mailing of such order. *To be 'filed', the petitions must be received by the close of business on the twentieth (20th) day.* (emphasis added)

Section 8–43–301(10), C.R.S. (1993 Cum. Supp.), also effective for injuries occurring on or after July 1, 1991, *see* Colo.Sess.Laws 1991, ch. 219 at 1342, provides that "[a]ny party dissatisfied with the panel's order shall have twenty days after the date of the certificate of mailing of such order to file an appeal by petition for writ of certiorari with the court of appeals."

■ The timely filing of a petition for certiorari is a jurisdictional requirement, and thus, the statutory provisions governing appellate review must be strictly enforced. *See Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo.App.1991) (construing comparable provisions under rule and statute applicable to injuries occurring prior to July 1, 1991).

■ C.A.R. 4(a) is not applicable to review of the orders of the Industrial Claim Appeals

Panel. *See Trujillo v. Industrial Commission,* 31 Colo.App. 297, 501 P.2d 1344 (1972). In addition, C.A.R. 26(b) expressly precludes this court from enlarging the time for filing a petition to review an order of an administrative agency except as specifically authorized by law.

However, C.A.R. 46.1 and § 8–43–301(10) do not contain any provisions allowing an extension of time within which to file a petition for certiorari. Therefore, we conclude that this court is without authority to allow such an extension. *See Western Empire Constructors, Inc. v. Industrial Claim Appeals Office,* 769 P.2d 1089 (Colo.App. 1989); *Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo.App.1985).

Accordingly, the order to show cause is made absolute, and the petition for certiorari is dismissed.

HUME and MARQUEZ, JJ., concur.