**Lester M. CRAMER, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Travelers Insurance Co., Respondents.**

No. 93CA1729.

Colorado Court of Appeals,
Div. IV.

July 14, 1994.

Rehearing Denied Aug. 11, 1994.

Certiorari Denied Dec. 19, 1994.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, Schur & Olive, Robert Schur, Fort Collins, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Law Offices of Robert A. Weinberger, Robert A. Weinberger, Daniel B. Galloway, Denver, for respondent Travelers Ins. Co.

Opinion by Judge HUME.

Petitioner, Lester M. Cramer, M.D. (provider), seeks review of a final order of the Industrial Claim Appeals Panel affirming the dismissal of the provider's appeal from a medical utilization review (M–U–R) order. We affirm.

This case presents the issue whether the time for filing an appeal from a M–U–R order is jurisdictional and, if so, whether the Director of the Division of Labor (Director) has authority under § 8–43–303, C.R.S. (1993 Cum.Supp.) to accept a late appeal.

The Director entered a M–U–R order on August 19, 1992, requiring a change of provider and denying payment for any services rendered by this provider after the date of the order. The order included a notice that an appeal must be filed within forty days pursuant to § 8–43–501(5), C.R.S. (1993 Cum.Supp.).

The provider filed an application for appeal on October 15, 1992, more than forty days later. Claiming its applicability, the provider also filed a request for relief pursuant to C.R.C.P. 60(b) on October 19, 1992.

Subsequently, the Director entered an order finding that based upon excusable neglect and a meritorious defense, good cause had been shown for the late filing of the application for appeal. However, the Administrative Law Judge (ALJ) dismissed the appeal for lack of jurisdiction, and the Panel affirmed that dismissal.

## I.

■ First, the provider contends that the forty-day time limit of § 8–43–501(5)(c), C.R.S. (1993 Cum.Supp.) is not jurisdictional. He argues that, in the absence of explicit language in the statute so specifying, it does not constitute and cannot be read constitutionally to be a jurisdictional requirement. We disagree.

The procedural requirements for review in the Workers' Compensation Act constitute limitations on administrative jurisdiction, and these jurisdictional limitations cannot be waived or eliminated by consent and cannot be avoided by estoppel. *Hasbrouck v. Industrial Commission,* 685 P.2d 780 (Colo. App.1984). *See also Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo.App. 1991). This principle is as applicable to an appeal from a M–U–R order as to any other appeal proceeding in the Workers' Compensation Act.

■ We reject the argument that M–U–R denies due process because, if the provider had availed himself of the appeal process in a timely manner, he would have obtained the hearing he desires. *See McWhorter v. CNA Insurance Cos.,* 868 P.2d 1128 (Colo.App. 1993). Failure to use an existing process cannot equate to a lack of due process.

## II.

■ Next, the provider contends that the Director properly exercised his statutory authority to reopen the matter for further hearings. Again, we disagree.

■ Section 8–43–303, C.R.S. (1993 Cum. Supp.) authorizes the Director to reopen "any award" on the grounds of error, mistake, or change in condition. The intent of this statute is to provide a remedy to parties that are entitled to awards of benefits. In applying the statute, this court has held that "any award" refers to an award of benefits, whether medical, temporary disability, or permanent disability. *Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo.App.1991).

We find no basis to characterize a M–U–R order as an award within the scope of § 8–43–303. Therefore, we conclude that this statute does not authorize the Director to accept a late appeal from a M–U–R order.

Contrary to the provider's arguments, we do not perceive this conclusion as rendering the Director powerless to set aside his own orders. Nothing in the case before us raises a question about the Director's authority to correct his own orders.

## III.

There is no merit in the provider's contention that this ruling is inconsistent with other provisions of the Workers' Compensation Act. The first prong of the argument, that the Director has sole authority to enter orders in a utilization review, would render meaningless any statutory provisions relating to review of such orders. The second prong of the argument, that § 8–43–207(1)(i), C.R.S. (1993 Cum.Supp.), grants the Director the power to grant extensions of time for good cause, cannot overcome the jurisdictional time limitation on filing a notice of appeal.

## IV.

Because of our resolution of the foregoing issues, we decline to address the provider's remaining contentions of error.

Order affirmed.

BRIGGS and VAN CISE*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).