GIANETTO OIL COMPANY, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and John R. Turner, Respondents.

No. 96CA0833.

Colorado Court of Appeals,
Div. IV.

Dec. 27, 1996.

Brandee L. DeFalco, Colorado Compensa-
tion Insurance Authority, Denver, for Peti-
tioners.

Michael W. Seckar, Pueblo, for Respon-
dent John R. Turner.

No Appearance for Respondent Industrial
Claim Appeals Office.

Opinion by Judge NEY.

Petitioners, Gianetto Oil Company and its
insurer, the Colorado Compensation Insur-
ance Authority (CCIA), appeal an order of
the Industrial Claim Appeals Office (the Pan-
el) holding that CCIA failed timely to object
to a request by claimant, John R. Turner, for
authorization to change providers under § 8–
43–404(5)(a), C.R.S. (1996 Cum.Supp.). We
affirm.

Claimant sustained a work-related injury
in October 1994. On January 31, 1995, his
attorney sent a letter to CCIA, requesting
authorization for treatment by claimant's
personal chiropractor. CCIA received the
letter February 6, 1995.

On February 27, 1995, CCIA mailed claim-
ant a general admission of liability which
indicated, in pertinent part, that CCIA de-
nied liability for treatment by any provider
other than by the hospital specified in the
admission.

Claimant requested a hearing before an
Administrative Law Judge (ALJ) for deter-
mination of several issues, including whether
his chiropractor was authorized to treat his
injury.

The ALJ concluded that the chiropractor's treatments were authorized under § 8–43–404(5)(a), which provides, in pertinent part:

Upon written request to the insurance carrier ... the employee may procure written permission to have a personal physician or chiropractor attend said employee. If such permission is neither granted nor refused within twenty days, the ... insurance carrier shall be deemed to have waived any objection thereto. Objection shall be in writing and shall be deposited in the United States mail or hand delivered to the employee within said twenty days....

The ALJ found that CCIA had objected to claimant's request for authorization 21 days after receiving the request. Thus, she concluded that the objection was untimely and ordered CCIA to pay chiropractor treatments as of February 6, 1995.

Petitioners sought review of the order, arguing that the ALJ erred in concluding that their objection under § 8–43–404(5)(a) was untimely. On appeal to the ICAO, CCIA argued that because the twentieth day after February 6 was a Sunday, the time for response to claimant's request was extended to Monday, February 27, 1995. The Panel concluded, however, that claimant's "written request" triggered the 20–day period prescribed by § 8–43–404(5)(a) making CCIA's objection untimely after February 20, 1995. Therefore, it affirmed the ALJ's order.

■ The sole issue on appeal is whether the Panel properly construed § 8–43–404(5)(a) to require that an insurer respond to an authorization request within 20 days of mailing of the written request. We conclude that it did.

■ In construing a statute, our primary task is to ascertain and give effect to the intent of the General Assembly. To accomplish this task, we turn first to the words of the statute. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993). If a plain reading does not reveal that intent, however, intent may be discerned through consideration of various indicators, including the balance of the enactments relating to the same subject matter and the statute's object and purpose.

*See State Engineer v. Castle Meadows, Inc.,* 856 P.2d 496 (Colo.1993); *Colorado Civil Rights Commission v. North Washington Fire Protection District,* 772 P.2d 70 (Colo. 1989).

Here, a plain reading of § 8–43–404(5)(a) does not reveal when the 20–day period for responding to an authorization request begins. However, a review of the Workers' Compensation Act, § 8–40–101, et seq., C.R.S. (1996 Cum.Supp.), discloses that time periods under the Act are consistently triggered by the date a document is mailed, not the date the document is received. *See* § 8–43–301(2), C.R.S. (1996 Cum.Supp.); *Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995) (the 20–day period to file petition to review begins to run on the date of the certificate of mailing of the ALJ's order).

This is also the procedure under the Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B). *See* §§ 8–74–106 and 8–74–107, C.R.S. (1996 Cum.Supp.) Indeed, § 8–74–107(2), C.R.S. (1996 Cum. Supp.) provides, in pertinent part:

Actions, proceedings, or suits to set aside, vacate, or amend any final decision of the industrial claim appeals panel ... shall be commenced by filing a notice of appeal in the court of appeals within twenty days of the mailing of the industrial claim appeals panel's decision....

*See Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo.App.1985)(construing predecessor statute that merely required a filing "within twenty days").

The obvious purpose of the statute at issue is to ensure that the insurer has notice that the claimant seeks authorization from the insurer for treatment with a provider of his or her own selection. However, it is also the purpose of the statute to trigger the insurer's duty to respond to the request "within 20 days." *See* § 8–43–404(5)(a).

■ The interpretation of the statute by the agency charged with its enforcement is entitled to great deference. *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). If, as here, the agency has construed the statute consis-

tent with the balance of the enactment on the subject and with the statute's object and purpose, the agency's construction of the statute will not be disturbed.

The order is affirmed.

DAVIDSON and CASEBOLT, JJ., concur.