**Charles W. RICE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Westin Hotels & Resorts, Respondents.**

**No. 96CA2236.**

Colorado Court of Appeals,
Div. A.

Feb. 20, 1997.

Rehearing Denied April 10, 1997.

Amando L. Cruz, Denver, for Petitioner.

No Appearance for Respondents.

Opinion by Judge KAPELKE.

In this workers' compensation proceeding, this court issued an order to petitioner, Charles W. Rice, to show cause why his petition for review should not be dismissed as untimely. The petition was filed in this court on the twenty-first day after entry of the order of the Industrial Claim Appeals Office (ICAO). Having considered the response to the order to show cause, we now dismiss the appeal.

■ The issue of timeliness in filing petitions for review is a jurisdictional requirement; therefore, the statutory provisions governing appellate review must be strictly enforced. *Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995).

An appeal must be filed in this court within twenty days after the date of certificate of mailing of the ICAO's final notice. *Western Empire Constructors, Inc. v. Industrial*

*Claim Appeals Office,* 769 P.2d 1089 (Colo. App.1989) (applying § 8–53–11 and § 8–53–118, C.R.S. (1986 Repl.Vol. 3B)).

Relying on § 8–43–301(2), C.R.S. (1996 Cum.Supp.), petitioner argues that his appeal was timely filed because he mailed it on the twentieth day after the ICAO entered its order. He argues that the provision in § 8–43–301(2) that a petition for review is deemed filed upon mailing is applicable to filing for judicial review in this court under § 8–43–301(1), C.R.S. (1996 Cum.Supp.). We disagree.

■ When construing a statute, we must determine and give effect to the intent of the General Assembly. *Gianetto Oil Co. v. Industrial Claim Appeals Office,* 931 P.2d 570 (Colo.App. 1996). To ascertain this intent we look first to the language of the statute, giving words and phrases their plain and ordinary meaning. *Snyder Oil Co. v. Embree,* 862 P.2d 259, 262 (Colo.1993).

■ Although petitioner is correct that under § 8–43–301(2) petitions to review filed by mail are deemed filed upon the date of mailing, that section deals solely with petitions for review filed with the director, or with the administrative law judge. There is no mention of petitions to the court of appeals in § 8–43–301(2) and, therefore, no basis for applying this language in determining the timeliness of petitions filed in this court. Hence, that statutory section is not relevant here.

The statute that is applicable here is § 8–43–301(10), C.R.S. (1996 Cum.Supp.), which provides: "The panel's order shall be mailed to all parties of record. Any party dissatisfied with the panel's order *shall have twenty days after the date of certificate of mailing of such order to commence an action for judicial review in the court of appeals.*" (emphasis added) We note that this language is substantially the same as that applied in *Western Empire Constructors, Inc. v. Industrial Claim Appeals Office, supra.*

Giving the statutory language at issue its plain meaning, we conclude that actions are not commenced in the court of appeals until they are actually received. *See Lutheran*

*Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo.App.1985). Thus, the petition is not filed until it has been received by the court of appeals.

Accordingly, we conclude that the appeal here was filed late. The order to show cause is therefore made absolute, and the petition for review is dismissed.

PLANK and MARQUEZ, JJ., concur.