WAL–MART STORES, INC., and Insurance Company of the State of Pennsylvania, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and John M. Fisher, Respondents.

No. 99CA0963.

Colorado Court of Appeals, Div. II.

March 2, 2000.

Clifton, Hook & Bovarnick, P.C., Richard A. Bovarnick, Harvey D. Flewelling, Denver, Colorado, for Petitioners.

No Appearance for Respondent the Industrial Claim Appeals Office of the State of Colorado.

Bullard, Larsen & Plock, P.C., Jan A. Larsen, Fort Collins, Colorado, for Respondent John M. Fisher.

Opinion by Judge DAVIDSON.

The sole issue in this workers' compensation review is whether a request by a party for specific findings of fact, as provided for under § 8–43–215, C.R.S.1999, must be received by the Division of Administrative Hearings within 15 days of the date of mailing of the summary order issued by an Administrative Law Judge (ALJ), or whether it is sufficient that it be mailed within that period of time. We agree with the Industrial Claim Appeals Office (Panel) that the request must be received within 15 days, and therefore, we affirm the Panel's order upholding the ALJ's determination that he lacked jurisdiction to grant petitioner's request for specific findings of fact and conclusions of law.

The facts in this case are undisputed. The ALJ issued a summary order reopening the claim and awarding permanent total disability to John M. Fisher (claimant) on November 5, 1998. The order was mailed to all parties on the same date. Petitioner, Insurance Company of the State of Pennsylvania, mailed a request for specific findings of fact and conclusions of law on November 19, 1998. The request was not received at the Division

2

of Administrative Hearings, however, until December 3, 1998.

Claimant objected to the request, arguing that it was not timely filed. The ALJ agreed and concluded that he had no jurisdiction to grant the request for specific findings of fact and conclusions of law. On review, the Panel affirmed.

Petitioner contended before the Panel, and now contends on review, that a request for specific findings of fact and conclusions of law is complete on the date of mailing, as shown by the certificate of mailing. We disagree.

■ The statutory time limits governing appellate review of workers' compensation decisions are jurisdictional. *Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo. App.1991).

Section 8–43–215 provides in pertinent part:

Any party dissatisfied with a summary order *may request specific findings of fact and conclusions of law in writing within fifteen days* after the date of the certificate of mailing of the summary order. Such request shall be a prerequisite to a petition to review under section 8–43–301, and such request shall stay the time within which to file a petition to review until after the mailing of the specific findings and conclusions. Thereafter, time limits shall be governed by section 8–43–301. Specific findings of fact and conclusions of law requested pursuant to this section shall be completed within twenty-five days after such request. (emphasis added).

■ When construing a statute, we must determine and give effect to the intent of the General Assembly. *Gianetto Oil Co. v. Industrial Claim Appeals Office,* 931 P.2d 570 (Colo.App.1996). We look to the language and give the words and phrases their plain and ordinary meanings. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993). To the extent there is any ambiguity, we may read the statute in relation to other provisions and attempt to give all provisions a consistent, harmonious, and sensible effect. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo. App.1991).

The Panel noted that the plain and ordinary meaning of the word "request," in proper context, is the act of asking the ALJ to enter specific findings and conclusions. *See Random House Webster's Unabridged Dictionary* 1636 (2d ed.1998). The Panel further concluded that the term connotes actual communication to the ALJ, not the mere initiation of the process of communication. *Cf. Rice v. Industrial Claim Appeals Office,* 937 P.2d 893 (Colo.App.1997) (actions are not commenced in the court of appeals until they are actually received). That conclusion is entitled to deference. *See Gianetto Oil Co. v. Industrial Claim Appeals Office, supra.* It also is consistent with the other requirements of the statutory provision. *See* § 8–43–215 (specific findings of fact and conclusions of law must be completed by ALJ within 25 days after receipt of request).

Even if we assume that the statute is ambiguous, we disagree that § 8–43–215 must be harmonized with § 8–43–301(2), C.R.S.1999. Whereas § 8–43–301(2) allows a petition to review to be filed with the Panel by mail and deems it filed on the date of mailing, although it could have done so, the General Assembly did not incorporate a filing by mail provision into § 8–43–215 when it amended § 8–43–301(2) to allow such filing. *See, e.g., Arkansas Valley Seeds, Inc. v. Industrial Claim Appeals Office,* 972 P.2d 695 (Colo.App.1998) (legislation is the purview of the General Assembly, not the judiciary).

Moreover, the rule regarding the appeal of a summary order and the request for specific findings refers to § 8–43–215. Thus, as the Panel concluded, the procedural rules applicable to workers' compensation proceedings are not relevant to the determination whether a request for specific findings is accomplished by mailing or actual delivery.

■ Accordingly, we conclude that, for purposes of § 8–43–215, a request for specific findings of fact and conclusions of law must be received by the Division of Administrative Hearings within 15 days after the date of the certificate of mailing of the summary order. Thus, mailing of the request does not suffice to effect a request.

Here, because the request for specific findings of fact and conclusions of law was not filed on or before November 20, 1998, the ALJ properly denied and dismissed that request.

The order is affirmed.

Judge PLANK and Judge DAILEY concur.