55 P.3d 186
Ronnie L. CORDOVA, Petitioner,
v.
INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado; Foundation Builders, Inc.; and American Compensation Insurance Co., Respondents.
No. 01CA0852.
Colorado Court of Appeals, Div. IV.
February 28, 2002.

        

55 P.3d 188
 Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Petitioner.
        No Appearance for Respondent Industrial Claim Appeals Office.
        Nathan, Bremer, Dumm & Myers, P.C., Bernard Woessner, Benjamin E. Tracy, Denver, Colorado, for Respondents Foundation Builders, Inc., and American Compensation Insurance Co.
        Opinion by Judge TAUBMAN.
        In this workers' compensation proceeding, Ronnie L. Cordova (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying his petition to reopen. We affirm.
        Claimant sustained a compensable back injury on April 9, 1996. His treating physician placed him at maximum medical improvement (MMI) on October 17, 1997, with a sixteen percent whole person medical impairment rating. Foundation Builders, Inc., and its insurer, American Compensation Insurance Co. (collectively employer), filed a final admission in accordance with the rating. Claimant did not contest the admission, and the matter was closed.
        In 1999, claimant petitioned to reopen, alleging that his condition had worsened, necessitating a spinal fusion at L5-S1. He also asserted that he had developed deep venous thrombosis (DVT) (blood clotting) as a consequence of his physical inactivity, which stemmed from the industrial injury. In support, claimant obtained and submitted a division-sponsored independent medical examination (DIME). The DIME physician opined that claimant was not at MMI and had continued to suffer pain, including an incident of severe, intractable pain, and that the DVT was related to his forced physical inactivity.
        Following an evidentiary hearing, the Administrative Law Judge (ALJ) found that claimant failed to prove that his condition had worsened due to the industrial injury. Specifically, the ALJ relied upon other medical evidence to determine that claimant's condition had remained stable after reaching MMI, that surgical intervention was not presently indicated as either reasonable or necessary, and that the DVT was merely "superimposed" upon the work-related condition. 

55 P.3d 189
 Therefore, the ALJ denied the petition to reopen.
        On review, the Panel upheld the ALJ's denial. It found that there was substantial evidence to support the determination that claimant's condition had remained stable and that no causal relationship was shown to exist between the DVT and the industrial injury. In so holding, the Panel rejected claimant's assertion that the ALJ erred in failing to give presumptive effect to the DIME.
        I. Jurisdiction
        Initially, we reject employer's assertion that this court lacks jurisdiction to hear claimant's appeal because the opening brief was filed beyond the fifteen-day period provided in C.A.R. 3.1(b).
        The record discloses not only that claimant filed his petition to review within the required time, thus vesting this court with jurisdiction, see Â§ 8-43-301(10), C.R.S.2001; C.A.R. 3.1(a), but also that he requested and was granted an extension until August 20, 2001 to file the opening brief. Although claimant did not file his opening brief until the following day, he subsequently filed a motion for acceptance of the opening brief, and that motion was granted.
        Although employer urges that the time limitations set forth in C.A.R. 3.1(b) for the filing of briefs are jurisdictional, there is nothing within that rule or the Workers' Compensation Act which indicates that this court's jurisdiction will be automatically lost upon a failure, justified or otherwise, to comply strictly with those requirements. See Ortiz v. Indus. Comm'n, 734 P.2d 642 (Colo.App.1986)(untimely filing of a brief is not a jurisdictional defect under the Act). Moreover, C.A.R. 26(b) vests this court with general authority to grant an enlargement of time for any act required under the appellate rules and only limits that power when a requested extension is sought for a notice of appeal under C.A.R. 4(a) or a petition for review of an administrative matter.
        Dismissal of an appeal for failure to comply with statutory time limitations for filing briefs is discretionary with this court. See C.A.R. 26(b), 31; Wilkinson v. Motor Vehicle Div., 634 P.2d 1016 (Colo.App.1981). A decision of a motions division is not always binding, see Hillen v. Colorado Compensation Ins. Auth., 883 P.2d 586 (Colo.App.1994), and we see no reason to set aside the decision to accept claimant's opening brief.
        II. Presumptive Effect of DIME
        Claimant first contends that he was entitled to seek a DIME in support of his petition to reopen and that the ALJ erred in failing to give it presumptive effect. Because claimant actually underwent a DIME and was permitted to introduce the opinion of the DIME physician into evidence, we need not consider the question of his entitlement to the DIME. However, we disagree that the ALJ was required to give the DIME presumptive effect.
        Section 8-43-303, C.R.S.2001, authorizes the director of the division of workers' compensation to reopen "any award" on the grounds of error, mistake, or change in condition. The intent of this statute is to provide a remedy to employees who are entitled to awards of any type of benefits, whether medical or disability. Cramer v. Indus. Claim Appeals Office, 885 P.2d 318 (Colo. App.1994).
        A change of condition refers "to a change in the condition of the original compensable injury or to a change in claimant's physical or mental condition which can be causally connected to the original compensable injury." Chavez v. Indus. Comm'n, 714 P.2d 1328, 1330 (Colo.App.1985).
        The reopening authority under the provisions of Â§ 8-43-303 is permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ. Renz v. Larimer County Sch. Dist. Poudre R-1, 924 P.2d 1177 (Colo.App.1996). A claimant has the burden of proof in seeking to reopen a claim. Richards v. Indus. Claim Appeals Office, 996 P.2d 756 (Colo.App.2000).
        As the Panel noted, the opinions of a DIME physician concerning MMI and medical impairment are binding unless overcome 

55 P.3d 190
 by clear and convincing evidence. Section 8-42-107(8)(b)(III), (c), C.R.S.2001. Because these issues inherently require a determination regarding the cause of a claimant's condition, a DIME physician's opinion that a causal relationship exists between the condition and an industrial injury must be overcome by clear and convincing evidence. See Egan v. Indus. Claim Appeals Office, 971 P.2d 664 (Colo.App.1998)(the rating process inherently involves a determination as to whether the particular components of a claimant's overall medical impairment were caused by the industrial injury).
        Under Â§ 8-42-107(8)(b) and (c), a treating physician's determination as to MMI and medical impairment cannot be disputed in the absence of an independent medical evaluation. Egan v. Indus. Claim Appeals Office, supra. Here, as the Panel also noted, the issues of MMI and medical impairment were resolved by the uncontested final admission of liability submitted by employer based upon the treating physician's findings. Consequently, these matters were closed and not subject to further litigation unless reopened. Section 8-43-203(2)(b)(II), (d), C.R.S.2001; Cibola Constr. v. Indus. Claim Appeals Office, 971 P.2d 666 (Colo.App.1998).
        Claimant attempts to characterize the present dispute as one involving MMI. However, the pertinent and necessary inquiry is whether he has suffered a deterioration in his condition that justifies additional benefits. See Richards v. Indus. Claim Appeals Office, supra. Although medical evidence bearing on whether he has remained at MMI would be relevant to that inquiry, the original MMI determination may not be questioned. We therefore agree with the Panel that the opinion of a DIME physician as to whether a claimant's condition has worsened carries no special weight and need not be overcome by clear and convincing evidence.
        The fact that the Act is silent regarding whether a DIME may be available after closure of a claim does not convince us that we should reach a contrary result. The Panel correctly observed that the opinions of a DIME physician have only been given presumptive effect when expressly required by the statute. See Faulkner v. Indus. Claim Appeals Office, 12 P.3d 844, 846 (Colo.App. 2000)(DIME opinion concerning causation need not be overcome by clear and convincing evidence where dispute involved the "threshold requirement" that the claimant establish a compensable injury); Story v. Indus. Claim Appeals Office, 910 P.2d 80 (Colo.App.1995)(DIME determination of MMI did not preclude change of physician order where only "Grover" medical benefits sought). Cf. Qual-Med, Inc. v. Indus. Claim Appeals Office, 961 P.2d 590 (Colo.App. 1998)(IME physician's opinion concerning cause of particular component of claimant's overall impairment must be overcome by clear and convincing evidence).
        III. Equal Protection and ADA Challenges
        Claimant next argues that the failure to give special evidentiary effect to the DIME violated his right to equal protection and deprived him of a necessary state service in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. Â§Â§ 12101-12213 (1994). We reject these arguments.
        Again, it appears that claimant relies in part upon his allegation that he was prevented from obtaining a DIME. However, insofar as he did indeed undergo a DIME, we do not consider that part of his argument.
        A.
        The threshold question in any equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. Indus. Claim Appeals Office v. Romero, 912 P.2d 62 (Colo. 1996). Here, claimant fails to show that the evidentiary effect of a DIME is applied differently to employees and employers. To the contrary, it is not the identity of the party offering the DIME into evidence, but rather the issue for which it is being offered, that determines the weight it is to be given. Moreover, claimant has not presented us with specific argument or authority challenging the rationality of confining the enhanced evidentiary effect of a DIME to a determination of MMI and medical impairment. Also, claimant has not shown that similarly situated 

55 P.3d 191
 individuals are treated in a disparate manner.
        B.
        Likewise, claimant has provided no legal authority establishing that he is a qualified individual entitled to protection under the ADA. We also are unable to glean from claimant's argument how the evidentiary effect given a DIME violates the ADA and, in turn, how such violation would render the Workers' Compensation Act unconstitutional. See Biel v. Alcott, 876 P.2d 60 (Colo.App. 1993)(it is the duty of counsel to inform the court both as to specific grounds relied upon and as to the supporting facts and authorities therefor). Thus, he has not established a violation of his rights under the ADA.
        IV. Employer's Medical Evidence
        Finally, claimant contends that the ALJ erred as a matter of law in crediting employer's medical evidence. We disagree.
        The ALJ is the sole trier of fact in workers' compensation proceedings, and if the findings of fact are supported by substantial evidence in the record, an ALJ's decision to reopen a claim is binding. Sections 8-43-301(8), 8-43-308, C.R.S.2001; Lewis v. Scientific Supply Co., 897 P.2d 905 (Colo.App.1995). This standard of review requires us to defer to the ALJ's resolution of conflicts in the evidence, credibility determinations, and the plausible inferences drawn from the record. Wal-Mart Stores, Inc. v. Indus. Claims Office, 989 P.2d 251 (Colo. App.1999). Further, the weight and credibility to be accorded an expert medical opinion is a matter within the discretion of the ALJ. Rockwell Int'l v. Turnbull, 802 P.2d 1182 (Colo.App.1990).
        Here, claimant maintains that the ALJ improperly disregarded the DIME based upon the misconception that the DIME report failed to address directly the issue of change of condition, instead focusing on the irrelevant question of whether claimant had reached MMI in 1997. We have reviewed the DIME, and although it concluded that claimant was not then at MMI, that assessment was based primarily upon claimant's recollections of pain associated with a discogram performed in 1996 before the MMI determination. Consequently, we consider the ALJ's interpretation of the DIME to be reasonable.
        We further reject claimant's argument that the medical opinions credited by the ALJ were incompetent because the physicians were not surgeons. As the Panel determined, this argument has been waived on appeal by the lack of a prior objection on that basis. See CRE 103(a)(1).
        As the Panel acknowledged, the record contains conflicting documentary evidence and expert testimony concerning whether claimant experienced a worsening of his condition and, if so, whether the worsening was caused by the industrial injury. The weight to be assigned such evidence was a matter for the ALJ, and inasmuch as there is substantial evidence to support the denial of the petition to reopen, we may not substitute our judgment for that of the ALJ on that issue. See City of Durango v. Dunagan, 939 P.2d 496 (Colo.App.1997).
        The Panel's order is affirmed.
        Judge MARQUEZ and Judge VOGT concur.