Daniel SPEIER, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Knight Manufacturing Corporation, and Sentry Insurance, Respondents.

No. 07CA0677.

Colorado Court of Appeals, Div. I.

Feb. 7, 2008.

McDivitt Law Firm, P.C., Sheila Toborg, Colorado Springs, CO, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

White and Steele, P.C., Ted A. Krumreich, Denver, CO, for Respondents Knight Manufacturing Corporation and Sentry Insurance.

Opinion by Judge ROMÁN.

In this workers' compensation action, claimant, Daniel Speier, seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) affirming the decision of the administrative law judge (ALJ). The ALJ dismissed claimant's petition to review as untimely and denied claimant's motion for reconsideration of the dismissal. We affirm.

Claimant sustained an admitted work-related injury in 1996. He petitioned to reopen the claim in 2002, without objection from employer, Knight Manufacturing, or its insurer, Sentry Insurance. However, in 2006, employer sought a hearing on the issue of claimant's continuing medical benefits, specifically claimant's request for additional pain medication. After a hearing, the ALJ determined that claimant had not demonstrated by a preponderance of the evidence that the narcotics medications he requested were reasonable and necessary, and therefore denied claimant's request. Although the ALJ's order was mailed on August 17, 2006, claimant did not submit his petition to review until September 11, 2006. Because the petition to review was submitted more than twenty days after the ALJ's order had been served by mail, the ALJ dismissed it.

Claimant moved for reconsideration, explaining that although the ALJ's order had been received in his attorney's office the day after it had been mailed by the division, it was "mistakenly" not given to his counsel until September 11, 2006. The motion was denied, however, and the denial of the motion for reconsideration was affirmed by the Panel. Claimant then filed this appeal.

I. Timeliness of Petition to Review

■ Claimant contends that the ALJ erred in dismissing his September 11, 2006, petition to review. He argues that his petition to review the ALJ's order dismissing his request for narcotic medication was not untimely because he should have been allotted three additional days for mailing under C.R.C.P. 6(e). We are not persuaded.

A petition to review "shall be filed within twenty days from the date of the certificate of mailing of the order, and, unless so filed, such order shall be final." § 8–43–301(2), C.R.S.2007. It is undisputed that claimant's petition to review was not filed within twenty days of the certificate of mailing of the order.

■ The statutory time periods within which workers' compensation petitions to review must be filed are jurisdictional. *See Wal–Mart Stores, Inc. v. Indus. Claim Appeals Office*, 24 P.3d 1, 2 (Colo.App.2000). Consequently, absent the timely filing of a petition to review, the Panel lacks jurisdiction to review the matter. *Brodeur v. Indus. Claim Appeals Office*, 159 P.3d 810, 812 (Colo.App.2007).

Claimant contends that his petition to review was nonetheless timely because the rules of civil procedure have been expressly incorporated into the administrative rules of procedure applicable to workers' compensation cases. He relies upon administrative Rule 2.B which provides: "The Colorado Rules of Civil Procedure apply to Workers' Compensation hearings unless they are inconsistent with these rules and the provisions of the Workers' Compensation Act." Dep't of Pers. & Admin. Rule 2.B, 1 Code Colo. Regs. 104–3. The rules of civil procedure similarly state that they "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." C.R.C.P. 81(a). Claimant argues that the incorporation of the

civil rules by Rule 2.B necessarily includes the incorporation of C.R.C.P. 6(e), which allows a party an additional three days after electronic service or service by mail before the time period to perform a prescribed act expires. We are not persuaded.

Claimant's construction of the rules disregards the mandate that incorporated rules of civil procedure not conflict with the Act or rules promulgated under it. While it is true that no workers' compensation rule of procedure or provision of the Act expressly prohibits the incorporation of C.R.C.P. 6(e)'s three-day mailing rule, the appellate timelines set forth in the Act explicitly account for mailing time by calculating the time periods from the date of mailing of the order sought to be reviewed. *See Indus. Claim Appeals Office v. Zarlingo*, 57 P.3d 736, 737–38 (Colo.2002) (holding that the three additional days to do an act in response to a pleading served by mail as provided by C.A.R. 26(c) does not apply to the twenty-day jurisdictional window within which to appeal an order of the Panel to this court under § 8–43–301(10), C.R.S.2007). As noted in *Zarlingo*, the additional time for mailing provided in the civil rules thus "directly conflicts" with the jurisdictional time periods established in the Act. *Id.* at 738.

Moreover, we disagree with claimant's contention that *Zarlingo* is inapplicable because it predated the adoption of administrative Rule 2.B. C.R.C.P. 81(a), which also allows the use of nonconflicting rules of civil procedure in special statutory proceedings, was adopted long before *Zarlingo* was announced. Further, the rationale expressed in *Zarlingo*—that the Act already accounts for mailing time by calculating deadlines from the date of the certificate of service and therefore conflicts with C.R.C.P. 6(e)—is equally applicable here because the identical conflict arises between C.R.C.P. 6(e) and section 8–43–301(2).

We therefore reject claimant's contention that the applicable rules provided him three additional days to submit his petition to review from the date the order was mailed to him, and hold that claimant's petition was not timely filed.

## II. Motion for Reconsideration

Claimant next contends that the ALJ erred in denying his motion for reconsideration of the dismissal of his September 11, 2006, petition to review. His contentions are two-fold. First, claimant contends that even if his original petition to review was untimely, the ALJ should have considered the reasons he offered for the delay and should have determined that claimant had demonstrated excusable neglect for his untimely submission. Second, claimant contends that a jurisdictional time limit can be extended for good cause under section 8–43–207(1)(i), C.R.S. 20007. We reject both contentions.

### A. Excusable Neglect

■ Claimant contends the Act provides a means for extending the deadline for submitting a petition to review if a party demonstrates excusable neglect. We are not persuaded.

Neither the Act itself nor rules promulgated under it provide an exception for the late filing of a petition to review because of a party's excusable neglect. *See* § 8–43–301(2), (10); *Buschmann v. Gallegos Masonry, Inc.*, 805 P.2d 1193, 1194 (Colo.App.1991) (holding that a party's failure to mail a petition to review to the proper Panel office jurisdictionally barred further review).

■ Because the timely filing of a petition to review is a jurisdictional requirement, the statutory provisions must be strictly construed. *Wal–Mart Stores, Inc.*, 24 P.3d at 2; *Buschmann*, 805 P.2d at 1194; *Hasbrouck v. Indus. Comm'n*, 685 P.2d 780, 781 (Colo.App. 1984).

Consequently, we may not read an "excusable neglect" exception into the filing deadline for petitions for review under section 8–43–301. *Digital Equip. Corp. v. Indus. Claim Appeals Office*, 894 P.2d 54, 56 (Colo. App.1995) ("we are not at liberty to read non-existent terms into the plain language of the statute").

Moreover, the legislature has not added an exception to the jurisdictional filing deadline for excusable neglect, although it has had opportunities to do so. *Cf. Buschmann*, 805

P.2d at 1194 (noting that "unlike the statute governing employment compensation proceedings, [section 8–74–106(1)(b), C.R.S. 2007], no provision was included for granting extensions of time in the workers' compensation scheme").

Here, the ALJ's order had been received in the attorney's office the day after it was mailed, but "mistakenly was not given to" claimant's attorney. Notwithstanding the mistake, statutory provisions governing administrative and appellate review are strictly enforced. *See Buschmann*, 805 P.2d at 1194 (jurisdictional requirements not met where otherwise timely petition to review sent to wrong office); *cf. Cramer v. Indus. Claim Appeals Office*, 885 P.2d 318, 319 (Colo.App. 1994) (failure to use an existing process appropriately cannot equate to a lack of due process).

### B. Good Cause Under Section 8–43–207(1)(i)

■ Section 8–43–207(1)(i) states that the director and ALJs are empowered to "[u]pon written motion and for good cause shown, grant reasonable extensions of time for the taking of any action contained in this article." Claimant contends that this provision may be used to extend the jurisdictional time limit contained in section 8–43–301(2). We disagree.

Although section 8–43–207(1)(i) provides ALJs discretionary authority to grant "reasonable extensions of time" if "good cause [is] shown," that discretion does not overcome the jurisdictional time limits set forth in the statute. We agree with the division in *Cramer* that an ALJ's discretionary authority to grant extensions of time for good cause shown "cannot overcome the jurisdictional time limitation on filing a notice of appeal." *Cramer*, 885 P.2d at 320.

### III. Remaining Contentions

Because we find claimant's petition to review was untimely filed and jurisdictionally barred from review, we decline to address claimant's contention that the ALJ's order was not supported by substantial evidence in the record.

The order is affirmed.

Judge MÁRQUEZ concurs.

Judge RUSSEL dissents.

Judge RUSSEL dissenting.

I agree with the majority that claimant failed to file a timely petition for review. In *Industrial Claim Appeals Office v. Zarlingo*, 57 P.3d 736, 738 (Colo.2002), the supreme court held that C.A.R. 26(c) "directly conflicts" with the twenty-day deadline for filing a notice of appeal under section 8–43–301(10), C.R.S.2007. And though it is a close question, I agree that *Zarlingo's* rationale applies to deadlines under section 8–43–301(2), C.R.S.2007, notwithstanding the intervening adoption of the administrative rules.

But I do not agree that the ALJ lacked authority to consider claimant's motion for reconsideration.

Section 8–43–207(1)(i), C.R.S.2007, states that an ALJ may, upon written motion and for good cause shown, "grant reasonable extensions of time for the taking of any action contained in this article." By its plain terms, this statute allows an ALJ to extend the time for filing a petition for review (an action contained in article 43).

Contrary to the conclusions of the majority here and the division in *Cramer v. Industrial Claim Appeals Office*, 885 P.2d 318, 320 (Colo.App.1994), I am not persuaded that an ALJ's authority to grant extensions of time under section 8–43–207(1)(i) must be limited to nonjurisdictional actions. The legislature may authorize discretionary extensions of any statutory deadline, and it may do so in a variety of ways. It may place qualifying language in the statute that creates the deadline itself. *See, e.g.*, § 8–74–106(1)(b), C.R.S. 2007. Or it may, as here, enact a separate provision that grants discretionary power over a broad range of actions.

Instead of affirming the panel's decision, I would remand this case to the ALJ for a determination of whether claimant estab-

lished good cause for the filing of a late petition for review.

Therefore, I respectfully dissent.