**LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, Plaintiff-Appellant,**

v.

**The SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant-Appellee.**

No. 83CA0259.

Colorado Court of Appeals, Div. I.

Feb. 2, 1984.

Rehearing Denied Feb. 23, 1984.

Zarlengo, Mott & Zarlengo, Larry D. Sather, Denver, for plaintiff-appellant.

Hall & Evans, Richard A. Hanneman, Craig Ewing, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Liberty Mutual Insurance Company (Liberty), appeals the decision of the trial court on its complaint for declaratory judgment regarding the rights and liabilities between itself and The Safeco Insurance Company of America (Safeco). We dismiss the appeal for lack of jurisdiction.

The trial court entered its final order declaring the rights of the parties on January 20, 1983. In its order, the trial court granted Liberty eighteen days in which to file post-hearing motions. On February 10, 1983, Liberty filed motions for judgment notwithstanding the verdict, for directed verdict, and for new trial. It is undisputed that these motions were filed three days after the date set by the trial court. Safeco moved to strike these motions because

of untimely filing. Liberty then filed a motion under C.R.C.P. 60(b) seeking relief for the untimely filing based upon excusable neglect. Without deciding whether the untimeliness of the motion for new trial deprived it of jurisdiction to consider Liberty's motions, the trial court granted the motion for relief, but denied all other motions.

On appeal, Safeco contends that Liberty's failure to file the motion for new trial in a timely manner deprives this court of jurisdiction to hear the appeal. We agree.

 A motion for new trial must be filed no later than fifteen days after the entry of judgment, or such further time as the trial court may allow. C.R.C.P. 59(b). Failure to file a motion for new trial within the time prescribed by C.R.C.P. 59(b), or as extended by the trial court, deprives the court of jurisdiction and requires dismissal of the appeal. *National Account Systems, Inc. v. District Court*, 634 P.2d 48 (Colo.1981).

In determining whether excusable neglect may be used as the reason for considering a C.R.C.P. 59(b) motion filed out of time, we must harmonize C.R.C.P. 6(b)(2) and C.R.C.P. 60(b). C.R.C.P. 6(b) contains the following language:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions therein stated."

C.R.C.P. 60(b) reads in part as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect...."

 C.R.C.P. 6(b)(2) specifically refers to C.R.C.P. 59(b). C.R.C.P. 59(b) does not contain any conditional exceptions to the application of C.R.C.P. 6(b)(2). C.R.C.P. 60(b) does not refer to C.R.C.P. 59(b) motions. Therefore, we conclude that the proscription in C.R.C.P. 6(b)(2) is controlling. *See Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983).

Thus, this court is without jurisdiction to review the contentions of error in the trial court, C.R.C.P. 59(f), and the appeal herein must be, and is, dismissed.

PIERCE and SMITH, JJ., concur.