**Gregory CLINE; William Holman; and Philport, Inc. d/b/a Lakewood Investigations and Consulting and d/b/a Western States Investigations, Plaintiffs–Appellees and Cross–Appellants,**

v.

**FARMERS INSURANCE EXCHANGE, a California insurance exchange; Farmers Group, Inc., a Nevada corporation; Truck Insurance Exchange, a California insurance exchange; Fire Insurance Exchange, a California insurance exchange; Mid–Century Insurance Company, a California corporation; and Farmers New World Life Insurance Company, a Washington corporation, Defendants–Appellants and Cross–Appellees.**

No. 89CA1646.

Colorado Court of Appeals, Div. I.

April 19, 1990.

Markowitz, Herbold, Stafford & Glade, P.C., David B. Markowitz, Barrie J. Herbold and Hollis K. MacMilan, Portland, Or., and Haligman & Lottner, Richard I. Brown, Englewood, for plaintiffs-appellees and cross-appellants.

Shaw, Spangler & Roth, Edward C. Moss, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge PLANK.

This matter is before us for consideration of a petition for reconsideration of this court's order dismissing cross-appellants' appeal. Pursuant to an order to show cause, this court dismissed cross-appellants' appeal for failure to file their notice of appeal within 14 days of the filing of the first notice of appeal. Cross-appellants assert that under C.A.R. 4(a) and C.A.R. 26(c), three days must be added to the time in which to file their notice of appeal since the first notice of appeal was served on them by mail and that, accordingly, their notice of appeal was timely. In the alternative, they assert that their construction of the appellate rules was reasonable and made in good faith; thus, on the basis of excusable neglect, they request that the time in which to file their notice of appeal be extended. We deny the petition for reconsideration.

The timely filing of any notice of appeal is jurisdictional. *Widener v. District Court*, 200 Colo. 398, 615 P.2d 33 (1980).

C.A.R. 4(a) provides that "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal is filed...." C.A.R. 26(c) provides, as pertinent here, that "[w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period."

Consideration of the language of these rules reveals that C.A.R. 26(c) addresses time periods triggered by *service* of a paper on a party. But, under C.A.R. 4(a), the time in which a cross-appellant may file a notice of appeal is triggered by the *filing* of the first notice of appeal. Accordingly, C.A.R. 26(c) is not applicable to the filing of a notice of appeal under C.A.R. 4(a), and the cross-appellants' notice of appeal, which was filed 17 days after the first notice of appeal was filed, was not timely.

As to cross-appellants' alternative contention, "[e]xcusable neglect has been found only in cases of extraordinary circumstances." *Bosworth Data Services, Inc. v. Gloss*, 41 Colo.App. 530, 587 P.2d 1201 (1978). And, as pointed out in the *Bosworth* opinion, miscalculating the num-

ber of days in which to file a notice of appeal or misapprehending the rules that prescribe the number of days in which to file a notice of appeal does not constitute excusable neglect. Accordingly, in the analogous situation at issue here, we hold that the reading of C.A.R. 26(c) to allow an additional three days in which to file cross-appellants' notice of appeal does not constitute excusable neglect under C.A.R. 4(a).

The petition for reconsideration is denied.

PIERCE and MARQUEZ, JJ., concur.