**1629 JOINT VENTURE,**
**Plaintiff–Appellee,**

v.

**Thomas DAHLQUIST, Defendant–**
**Appellant.**

**No. 90CA56.**

Colorado Court of Appeals,
Div. II.

June 6, 1991.

Rehearing Denied July 25, 1991.

Certiorari Denied Nov. 25, 1991.

Martin & Mehaffy, Joel C. Maguire, Boulder, for plaintiff-appellee.

George E. Clough, Boulder, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, Thomas Dahlquist, appeals the trial court's order denying his motion to alter or amend a judgment to

include an award of $37,500. We dismiss the appeal.

In *1629 Joint Venture v. Dahlquist,* 770 P.2d 1352 (Colo.App.1989), this court reversed the trial court's order of September 11, 1986, denying, without comment, Dahlquist's motion to alter or amend the judgment entered in July 1986 to include the money award. The cause was remanded for additional findings and a new judgment on this issue.

On remand, the trial court, by minute order, signed and dated October 31, 1989, adopted findings of fact and conclusions of law, reaffirming its denial of Dahlquist's motion. A copy of the order was mailed to counsel November 1, 1989.

On Monday, November 20, 1989, Dahlquist filed a motion for post-trial relief, requesting reconsideration of the trial court's October order. This motion was denied December 26, 1989. Defendant then filed this notice of appeal on January 10, 1990.

The Joint Venture initially contends that this court lacks jurisdiction to hear Dahlquist's appeal. We agree.

C.A.R. 4(a) governs the time within which a party must file a notice of appeal. Specifically, it provides that if, as here, the notice of entry of judgment is transmitted to the parties by mail, the appeal must be commenced within 45 days from the date of the mailing of the notice. The running of the 45 days is terminated, however, by a timely motion filed in the trial court pursuant to C.R.C.P. 59.

Here, Dahlquist's appeal, dated January 10, 1990, was filed more than 45 days after November 1, 1989, the date the trial court's order was mailed to counsel. Thus, unless the time for commencing the appeal was extended by reason of a timely filed post-trial motion, Dahlquist's appeal is not a "timely notice of appeal" as contemplated in C.A.R. 4(a). *Watered Down Farms v. Rowe,* 39 Colo.App. 169, 566 P.2d 710 (1977), *rev'd on other grounds,* 195 Colo. 152, 576 P.2d 172 (1978).

The period for filing post-trial motions is controlled by C.R.C.P. 59(a) which allows a party 15 days from the date of entry of judgment as defined in C.R.C.P. 58 to seek post-trial relief. C.R.C.P. 58(a) provides that the effective date of entry of judgment is "the date set forth in the written judgment."

Application of the foregoing rules to the circumstances here reveals that judgment "entered" for purposes of C.R.C.P. 59(a) on October 31, the date the trial court adopted and signed the Joint Venture's proposed findings of fact and conclusions of law. Accordingly, the time for filing post-trial motions expired November 15, fully 5 days *before* Dahlquist filed his motion for post-trial relief.

Dahlquist argues, however, that this analysis and application of the rules is in error. His argument is two-fold: (1) He contends that C.R.C.P. 6 applies to enlarge the time to file; and (2) he also maintains that the trial court, by its action, in considering the motion, "allowed" a "greater time" to file. We reject both arguments.

First, we conclude that C.R.C.P. 6(e), granting a 3–day extension of time for delays due to postal delivery was, at all pertinent times, no longer applicable to extend the time for filing under C.R.C.P. 59(a). The leading case holding to the contrary, *Bonanza Corp. v. Durbin,* 696 P.2d 818 (Colo.1985), was decided under one of the many prior versions of C.R.C.P. 58 which included a *mandatory* procedure for notifying counsel by mail of the effective date of the judgment. This procedure, however, was eliminated from C.R.C.P. 58 in April 1988. Accordingly, the "nexus" between C.R.C.P. 6(e) and C.R.C.P. 59(a) no longer existed at all times pertinent hereto. It should be noted that effective June 1, 1991 C.R.C.P. 58 has again been amended relative to notification.

Mail delay is, under the version of the rule then in effect, *irrelevant* to calculating the time period for post-trial motions because no mailing of notice was required. Instead, consistent with C.R.C.P. 58's long-intended purpose to designate an unambiguous date certain, *see generally Proposed Civil Procedure Rule Changes,* 16 Colo. Law. 1185 (July, 1987); 1A C. Krendl, *Colo-*

*rado Methods of Practice* § 702 (1989), the then applicable version of the rule tied the calculation of the period for post-trial motions exclusively to one date, the date of written judgment.

Inasmuch as filing of a post-trial motion under C.R.C.P. 59 is no longer a condition precedent to perfecting an appeal, and mailing of notice of judgment was at all times pertinent hereto not required, the rationale of *Bonanza, supra,* distinguishing the federal rule interpretation appears not to have been applicable. We, therefore, hold that here the time for filing a C.R.C.P. 59(a) motion ran from the date of entry of judgment as provided in C.R.C.P. 58.

■ Second, while C.R.C.P. 59(a) does, indeed, provide that a post-trial motion may be filed within "such greater time as the court may allow," to trigger such "greater time" the court must indicate upon entry of judgment, or within 15 days thereafter, that the time has been extended. *In re Marriage of Fleet,* 701 P.2d 1245 (Colo. App.1985). Alternatively, a party may move for an extension of time within the 15 days permitted under C.R.C.P. 59(a) or within the time allowed under any previously ordered extension. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983); C.R.C.P. 6(b). Failure to extend time in this manner deprives the court of jurisdiction. *National Account Systems, Inc. v. District Court,* 634 P.2d 48 (Colo.1981).

Here, upon entry of judgment, the trial court gave no indication that it would allow more than the automatic 15 days to file any further motions. Moreover, there is no evidence in the record that Dahlquist made any effort to obtain an extension of time for filing on or *prior* to November 15, 1989. Thus, although the trial court purported to hear and determine Dahlquist's post-trial motion, the relevant circumstances demonstrate that it had no jurisdiction to do so. Thus, the trial court's actions cannot constitute the basis for an extension of the time under C.R.C.P. 59(a).

In sum, we hold that Dahlquist's motion seeking post-trial relief was untimely and, as such, did not "toll" the running of the 45 days for filing his notice of appeal. Accordingly, under C.A.R. 4(a), Dahlquist's right to file a notice of appeal expired in mid-December. Inasmuch as the notice of appeal was filed January 10, 1990, it was untimely, and this court is without jurisdiction to hear the appeal.

The appeal is dismissed.

METZGER and MARQUEZ, JJ., concur.