Betrett **GARDNER**, Plaintiff–Appellant,

v.

Administrative Law Judge Bruce C. **FRIEND**; Director of the Department of Labor and Employment, Division of Labor, Workers' Compensation Section; and Director of the Department of Administration, Division of Administrative Hearings, Defendants–Appellees.

No. 91CA1131.

Colorado Court of Appeals, Div. V.

July 30, 1992.

Rehearing Denied Sept. 10, 1992.

Certiorari Denied March 22, 1992.

Sawaya & Rose, P.C., Thomas J. Roberts, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge NEY.

Betrett Gardner, a claimant in a workers' compensation case, brought this proceeding under C.R.C.P. 106(a)(4), seeking to have the district court prohibit the Administrative Law Judge (ALJ) in the workers' compensation proceeding from denying discovery of certain directives to physicians instructing the manner of treating compensa-tion patients. He alleges these documents are relevant to the workers' compensation claim. The district court dismissed the action, finding that it lacked jurisdiction under C.R.C.P. 106(a)(4) to review the ALJ's evidentiary ruling. Plaintiff appeals that dismissal, and we affirm.

[1, 2] Gardner argues that the district court erred in dismissing the action on jurisdictional grounds. He asserts that a review of discovery proceedings in workers' compensation proceedings are reviewable by the district court pursuant to C.R.C.P. 106. We disagree.

The Workers' Compensation Act contains explicit provisions governing both the admission of evidence in workers' compensation proceedings, §§ 8–43–207, 8–43–210, C.R.S. (1991 Cum.Supp.), and judicial review of administrative orders under the Act. Section 8–43–307, C.R.S. (1991 Cum. Supp.). The administrative and judicial review provisions in the Act are complete, definitive and organic, without the "need of supplementation" from other legislative acts, *In re Claim of Zappas v. Industrial Commission*, 36 Colo.App. 319, 543 P.2d 101 (1975), or the procedural relief afforded by C.R.C.P. 106(a)(4). *Vigil v. Industrial Commission*, 160 Colo. 23, 413 P.2d 904 (1966).

Plaintiff's attempt to distinguish the foregoing cases on the basis that here he is requesting a review of a discovery order rather than a final order is unpersuasive.

Accordingly, the district court's judgment of dismissal is affirmed.

HUME and JONES, JJ., concur.