**DIGITAL EQUIPMENT CORPORATION and Liberty Mutual Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO, and Donald M. Brown, Respondents.**

No. 94CA1351.

Colorado Court of Appeals, Div. V.

March 9, 1995.

Law Offices of Robbins & Yarbrough, David T. McCall, Denver, for petitioners.

No appearance for respondent the Industrial Claim Appeals Office.

William A. Alexander, Jr., Colorado Springs, for respondent Donald M. Brown.

Opinion by Judge DAVIDSON.

Petitioners, Digital Equipment Corp. and Liberty Mutual Insurance Co., seek review of a final order of the Industrial Claim Appeals Office affirming the decision of the Administrative Law Judge (ALJ) to dismiss a petition to review as untimely filed. We affirm.

In an order dated and mailed on October 29, 1993, the ALJ found petitioners liable for the permanent total disability of Donald M. Brown (claimant). Petitioners mailed their petition to review that order on November 19, 1993. On November 23, 1993, claimant filed a motion to dismiss the petition to review on the basis that the petition had been filed outside the 20–day period permitted by § 8–43–301(2), C.R.S. (1994 Cum.Supp.). The ALJ granted the motion and dismissed the petition.

On review, petitioners contend that their petition was timely because, in their view, under C.R.C.P. 6(e), the 20–day period does not begin to run until 3 days after mailing of the ALJ's order on benefits. Specifically, they assert that there is no inconsistency between the workers' compensation statute and C.R.C.P. 6(e), and therefore, that rule of procedure allows for a "mailing window" for filing a petition to review. We disagree.

The failure to file a timely petition deprives the reviewing tribunal of subject matter jurisdiction. *Western Empire Constructors, Inc. v. Industrial Claim Appeals Office,* 769 P.2d 1089 (Colo.App.1989).

> The basis of such rule is clear: until some document is presented to the Commission and to the Court of Appeals, no appellate process has begun, and the General Assembly has prescribed the time within which such process must be initiated.

*Newman v. McKinley Oil Field Service,* 696 P.2d 238, 241 (Colo.1984); *see also Wallace v. Industrial Commission,* 629 P.2d 1091 (Colo. App.1981); *Sanchez v. Straight Creek Constructors,* 41 Colo.App. 19, 580 P.2d 827 (1978).

Section 8–43–301(2) provides in pertinent part:

> Any party dissatisfied with an order ... [of the ALJ] ... may file a petition to

review.... Such petition shall be filed within *twenty days from the date of the certificate of mailing of the order, and, unless so filed, such order shall be final.* The petition to review may be filed by mail, and shall be deemed filed upon the date of mailing, as determined by the certificate of mailing, provided the certificate of mailing indicates that the petition to review was mailed to the appropriate administrative law judge or to the director, if appropriate. (emphasis supplied)

Under the plain language of this statute, the 20–day filing period is triggered by the date of mailing of the ALJ's order. *See Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo. App.1985). And, because the filing requirement is jurisdictional, such statutory provision must be viewed strictly. *Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo. App.1991).

■ Appeals or petitions for review in special statutory proceedings shall be within the time prescribed by statute. *See Newman v. McKinley Oil Field Service, supra; see also* C.A.R. 3.1(a). Accordingly, contrary to petitioner's contention, we are not at liberty to read non-existent terms into the plain language of the statute, nor to imply a "mailing window," analogous to that provided under C.R.C.P. 6(e). *See Gardner v. Friend,* 849 P.2d 817 (Colo.App.1992) (administrative review procedures for workers' compensation cases are complete and definitive and need not be supplemented by the rules of civil procedure).

Here, petitioners mailed their petition to review one day past the statutory filing deadline. Thus, the ALJ had no jurisdiction to consider the petition to review, and the Panel therefore did not err in affirming the dismissal.

This disposition obviates the need to address petitioners' remaining contentions.

The order of the Panel is affirmed.

STERNBERG, C.J., and KAPELKE, J., concur.