**Walter H. WILSON, Plaintiff–Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, a/k/a Firemans Fund Insurance Company, a Corporation; American Automobile Insurance Company, a Corporation; and Lockton Silversmith, Inc., f/k/a Lockton Insurance Agency of Colorado, Inc., a Corporation, Defendants–Appellees.**

**No. 96CA1434.**

Colorado Court of Appeals, Div. A.

Nov. 7, 1996.

Rehearing Denied Dec. 27, 1996.

Law Offices of Richard K. Rufner, Richard K. Rufner, Englewood, for Plaintiff–Appellant.

Long & Jaudon, P.C., Robert M. Baldwin, Cecelia A. Fleischner, David H. Yun, Denver, for Defendants–Appellees Fireman's Fund Insurance Company, a/k/a Firemans Fund Insurance Company and American Automobile Insurance Company.

Kennedy & Christopher, P.C., John R. Mann, Daniel R. McCune, Denver, for Defendant–Appellee Lockton Silversmith, Inc., f/k/a Lockton Insurance Agency of Colorado, Inc.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Opinion by Judge HUME.

Defendant, Lockton Silversmith, Inc., f/k/a Lockton Insurance Agency of Colorado, Inc., has moved to dismiss the appeal of plaintiff, Walter H. Wilson, on the grounds that the notice of appeal was untimely. Fireman's Fund Insurance Company, a/k/a Firemans Fund Insurance Company, and American Automobile Insurance Company have joined in the motion. They assert that the post-trial motion, filed sixteen days after entry and mailing of the judgment, was not timely filed and, therefore, did not serve to extend the time for filing of the notice of appeal. We agree and, therefore, dismiss the appeal.

■ In this case, the judgment was signed and mailed to the parties on the same day. Plaintiff filed a post-trial motion sixteen days later, which the trial court denied thirty-three days after it was filed. The notice of appeal was filed forty-five days after the trial court ruled on the post-trial motion.

C.R.C.P. 58 provides that the effective date of entry of judgment is the actual date of the signing of the written judgment. That rule further provides that if the judgment is signed in the absence of a party, a copy shall be immediately mailed to each absent party.

■ C.R.C.P. 59(a) requires that a motion for post-trial relief be made within fifteen days following entry of judgment and further provides that:

> If notice of the entry of judgment, decree, or order is transmitted to the parties by mail, the time for the filing of any motion for post-trial relief shall commence from the date of the mailing of the notice.

This language, adopted in 1994, makes it clear that the time for filing a C.R.C.P. 59 motion is triggered by the entry of judgment or the mailing of the notice of judgment.

■ We recognize that C.R.C.P. 6(e) authorizes the addition of three days to the prescribed period for taking certain actions following *service by mail.* However, as noted, the time for filing a C.R.C.P. 59 motion is specifically triggered either by entry of judgment in the presence of the parties or by mailing of notice of the court's entry of judgment if all parties were not present when the judgment was entered. As a result, C.R.C.P. 6(e) is not applicable to filing of C.R.C.P. 59 motions. *Cf. Cline v. Farmers Insurance Exchange,* 792 P.2d 305 (Colo.App.1990) (time for filing of notice of cross-appeal triggered by date of filing rather than service of notice of appeal).

We find further support for our position concerning the allowable period for filing a post-trial motion in the fact that the language of the 1994 amendment tracks that of C.A.R. 4 in that the relevant period is triggered by entry of judgment. C.A.R. 26(c) also supports our interpretation of the foregoing rules. That rule specifically states that the three-day mailing provision is inapplicable to the notice of entry of judgment or notice of disposition of motions which may be transmitted by mail as provided in C.A.R. 4(a).

We also note that *National Account Systems, Inc. v. District Court,* 634 P.2d 48 (Colo.1981); *1629 Joint Venture v. Dahlquist,* 820 P.2d 1141 (Colo.App.1991); and *Liberty Mutual Insurance Co. v. Safeco Insurance Co.,* 679 P.2d 1115 (Colo.App.1984) are no longer applicable to the issue before us because those decisions addressed earlier versions of the relevant rules which have been significantly amended since those cases were decided.

Accordingly, we conclude that the post-trial motion filed on the sixteenth day after entry and notice of judgment was untimely and did not extend the time for filing the notice of appeal.

The appeal is dismissed for lack of jurisdiction.

RULAND and KAPELKE, JJ., concur.