**Darrell M. LITTLEFIELD, Jr., and Janet S. Littlefield, Plaintiffs–Appellees and Cross–Appellants,**

v.

**Alvin R. BAMBERGER, Jacob A. Bamberger and Kris A. Bamberger, Defendants–Appellants and Cross–Appellees.**

**No. 99CA1780.**

Colorado Court of Appeals, Div. A.

Aug. 3, 2000.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 1999.

Max Minnig, Jr. & Associates, LLC, Max A. Minnig, Jr., Denver, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

John Kokish, P.C., John Kokish, Castle Rock, Colorado, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge TAUBMAN.

In this appeal by defendants Alvin R., Jacob A., and Kris A. Bamberger, the dispositive issue is whether a party filing a post-trial motion is afforded three days for mailing pursuant to C.R.C.P. 6(e) when the notice of entry of judgment is mailed. We hold that the three-day provision applies and, therefore, conclude defendants timely filed their C.R.C.P. 59 motion and that this appeal was timely filed. In so ruling, we conclude that *Bonanza Corp. v. Durbin,* 696 P.2d 818 (Colo.1985) is dispositive and therefore decline to follow *Wilson v. Fireman's Fund Insurance Co.,* 931 P.2d 523 (Colo.App.1996). Accordingly, we grant the petition for rehearing, vacate the order dismissing the appeal as untimely, and reinstate the defendants' appeal.

After a trial held on March 23 and 24, 1999, the trial court issued its findings of fact and conclusions of law on June 15, 1999. On that day, the court mailed its order to the parties. Defendants received the order the next day. On July 1, 1999, 16 days after the trial court's order was mailed, defendants moved pursuant to C.R.C.P. 59(a) for the trial court to alter or amend its judgment. The trial court denied the motion, citing its first order as the basis for the denial.

After defendants filed their notice of appeal, a division of this court ordered defendants to show cause why the appeal should not be dismissed because the C.R.C.P. 59(a) motion was filed untimely. After receiving the response, the division, on March 20, 2000, dismissed the appeal based on *Wilson v. Fireman's Fund Insurance Co., supra,* which held that C.R.C.P. 6(e) does not extend the time for filing a C.R.C.P. 59 motion by three days when the notice of entry of judgment is mailed to the parties.

To determine whether a party filing a post-trial motion is afforded three days for mailing when the notice of entry of judgment is mailed, we must consider C.R.C.P. 58(a), C.R.C.P. 59(a), and C.R.C.P. 6(e).

C.R.C.P. 58(a) provides in pertinent part: "Whenever the court signs a judgment and a party is not present when it is signed, a copy of the signed judgment shall be immediately mailed by the court, pursuant to C.R.C.P. 5, to each absent party who has previously appeared."

C.R.C.P. 59(a) allows a party, *inter alia,* to file a motion to amend the trial court's findings and conclusions within 15 days after the entry of judgment. If the entry of judgment is mailed, the time for filing the motion commences on the date of the mailing.

Additionally, C.R.C.P. 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him ... and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

In *Bonanza,* the supreme court addressed three orders of divisions of this court which had dismissed appeals based on the court's conclusion that the appellants' motions for new trial and to alter or amend the judgment had been filed untimely.

The *Bonanza* court held that parties notified of the entry of judgments by mail under C.R.C.P. 58(a) are entitled to the three-day extension of time provided by C.R.C.P. 6(e) when filing their motions for new trial or to alter or amend judgment. In so holding, the supreme court rejected the reasoning of the court of appeals, which had held that C.R.C.P. 6(e) did not extend the time limit for filing a motion for new trial when a notice of entry of judgment was mailed to the parties.

The supreme court concluded that, under C.R.C.P. 59, as then in effect, the "filing period for [post-trial] motions was triggered by mailing rather than the actual entry of judgment...." *Bonanza Corp. v. Durbin,*

*supra*, 696 P.2d at 821. Accordingly, the court determined that, because of the mandatory mailing provision, C.R.C.P. 6(e) extended by three days the time within which to file post-trial motions when a notice of entry of judgment was mailed to the parties.

Because the relevant language of C.R.C.P. 6(e), C.R.C.P. 58, and C.R.C.P. 59 is substantially the same as it was in 1985, when *Bonanza* was decided, we conclude that *Bonanza* is dispositive.

The 1994 amendment to C.R.C.P. 59(a) does not alter our analysis. The purpose of the 1994 amendment was merely to specify the starting date for the fifteen-day period and to make that rule consistent with C.R.C.P. 58(a) and C.A.R. 4. That amendment did not address whether the fifteen-day period should be extended by three days pursuant to C.R.C.P. 6(e). As the *Bonanza* court noted, in construing language in C.R.C.P. 59 similar to that in the present rule, the period for filing a motion for new trial *begins* when notice of entry of judgment is mailed to the parties, but C.R.C.P. 6(e) extends that period when a judgment is mailed.

In addition, we note, as did the court in *Bonanza*, that C.A.R. 26(c) and C.A.R. 4 make clear that, if the supreme court had intended to exclude C.R.C.P. 59 motions from the three-day extension period in C.R.C.P. 6(e), it would have done so expressly as it did in C.A.R. 26(c). That rule, which is similar to C.R.C.P. 6(e), provides:

> Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period. *This rule shall not apply to the notice of the entry of judgment or notice of disposition of motions which may be transmitted by mail as provided in C.A.R. 4(a).*

(emphasis added)

The *Bonanza* court reasoned that, based on C.A.R. 26(c), the absence of a reference in C.R.C.P. 6(e) to an entry of judgment reinforces the interpretation that C.R.C.P. 6(e) extends the time for filing a C.R.C.P. 59 motion to alter or amend a judgment.

Since the *Bonanza* ruling in 1985, courts interpreting these rules have relied on the various versions of the rules that were in effect at the time of the respective decision. *See Wilson v. Fireman's Fund Insurance Co., supra* (holding that based on 1994 version of C.R.C.P. 59(a), C.R.C.P. 6(e) three-day mailing extension does not apply to C.R.C.P. 59 motions); *1629 Joint Venture v. Dahlquist*, 820 P.2d 1141 (Colo.App.1991) (discussing 1988 and 1991 amendments to C.R.C.P. 58(a) and concluding that under 1988 version, three-day mailing extension of C.R.C.P. 6(e) did not apply to C.R.C.P. 59 motions, but suggesting that it might apply under the 1991 version).

In *1629 Joint Venture v. Dahlquist, supra*, a division of this court held that C.R.C.P. 6(e) did not extend the time for filing under C.R.C.P. 59. The *Dahlquist* court interpreted the version of C.R.C.P. 58(a) in effect between 1988 and 1991. As then written, C.R.C.P. 58(a) did not require trial courts to notify counsel by mail of the entry of a judgment. The court held, therefore, that, because the applicable provision of C.R.C.P. 58 did not require mailing of notice of entry of judgment, the rule providing for a three-day extension when a document is mailed did not apply. Accordingly, because the *Bonanza* court had construed the earlier version of C.R.C.P. 58(a), which did provide for notice of entry of judgment by mail, the reasoning in *Bonanza* did not apply to the circumstances presented.

However, the *Dahlquist* court noted that the amendment to C.R.C.P. 58 in 1991 had reinstated the mandatory mailing provision. After *Dahlquist* was decided, one commentator noted that, as a result of the 1991 amendment to C.R.C.P. 58, the *Bonanza* holding allowing for the three-day extension of time for mailing might again apply to C.R.C.P. 59 motions. *See* T.J. Collier, *Perfecting Appeals to the Colorado Court of Appeals*, 21 Colo. Law. 2385 (November 1992).

In light of the above, we decline to follow *Wilson*, which did not cite or discuss *Bonanza*, and, consistent with *Bonanza*, hold that because C.R.C.P. 6(e) does not specifically exclude C.R.C.P. 59 motions from its provisions, C.R.C.P. 6(e) extends the time for

filing a C.R.C.P. 59 motion when the parties were not present when the judgment was signed and the notice of entry of judgment was mailed to the parties.

Here, because the parties were not present when the judgment was signed, and were notified by mail of its entry pursuant to C.R.C.P. 58(a), they were entitled, under *Bonanza*, to a three-day extension, as provided for in C.R.C.P. 6(e), to file their C.R.C.P. 59 motion. Thus, their C.R.C.P. 59 motion was timely filed, as was their notice of appeal.

Accordingly, the petition for rehearing is granted, the order dismissing the appeal as untimely is vacated, and the appeal is reinstated.

Judge NEY and Judge KAPELKE concur.