Patsy J. COTTMAN, Petitioner–Appellant,

v.

**AURORA PUBLIC SCHOOLS BOARD OF EDUCATION, Respondent–Appellee.**

No. 00CA1588.

Colorado Court of Appeals, Div. A.

Dec. 21, 2000.

Rehearing Denied Feb. 22, 2001.

Certiorari Denied May 10, 2001.

Vaden & Evans, L.L.C., Scott L. Evans, Denver, CO, for Petitioner–Appellant.

Caplan and Earnest, LLC, Alexander Halpern, Boulder, CO, for Respondent–Appellee.

Opinion by Chief Judge HUME.

In this teacher termination proceeding, this court ordered petitioner, Patsy J. Cottman, to show cause why her petition for review should not be dismissed as untimely. The petition was filed in this court on the twenty-first day after entry of the order of the Aurora Public Schools Board of Education (Board). Having considered both parties' responses, we now dismiss the appeal.

I.

Petitioner argues that her petition for review was timely filed within twenty days after she received the Board's order. We disagree.

Initially, we note that with respect to the filing petitions for review, timeliness is a jurisdictional requirement. Accordingly, the statutory provisions governing appellate review must be strictly enforced. *Rice v. Industrial Claim Appeals Office,* 937 P.2d 893 (Colo.App.1997); *Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995).

Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. *Gianetto Oil Co. v. Industrial Claim Appeals Office,* 931 P.2d 570 (Colo.App.1996). To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases used their plain and ordinary meaning. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993).

Courts may "not impute their own meaning to otherwise clear statutory language." *J.D.C. v. District Court,* 910 P.2d

684, 686 (Colo.1996). Nor may we assume a legislative intent that would vary the words used by the General Assembly. *People v. Thomas,* 867 P.2d 880 (Colo.1994).

With these familiar principles of statutory construction in mind, we now turn to an analysis of petitioner's claim.

A teacher who is dismissed following the board's review of a hearing officer's recommendation may appeal the board's decision to the court of appeals by filing a petition for review. Section 22–63–302(10)(a), C.R.S. 2000. Pursuant to § 22–63–302(10)(b), C.R.S.2000, the petition for review must be filed "within twenty days after the written order of dismissal made by the board."

In *Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo. App.1985), the petitioner filed its petition for review twenty-one days after the order was entered and mailed. The statute then in effect also provided that a petition for review must be filed within twenty days after the Industrial Claim Appeals Office issued its order. *See* Colo. Sess. Laws 1984, ch. 60, § 8–74–107(2) at 318. The petitioner there, like petitioner here, argued that filing within twenty days of petitioner's receipt of the order was timely. The court rejected the argument, concluding that, based on its interpretation of the entire statutory scheme, the twenty-day period began to run when the ICAO mailed its final order, not when the petitioner received it.

Petitioner relies on §§ 22–63–302(3) and 22–63–302(4), C.R.S.2000, to support her argument that the entire statutory scheme governing the procedure for dismissal of teachers indicates that the period for filing a petition for review in this court should be triggered by the petitioner's receipt, not the board's entry of the order. Section 22–63–302(3), which sets forth the procedure for a teacher to object to the school's initial decision to dismiss the teacher, provides that the teacher's written notice of objection and request for a hearing must be filed "within five working days after receipt by the teacher of the notice of dismissal." Similarly, § 22–63–302(4), which sets forth the procedure for conducting a hearing on the teacher's written objection, provides that a hearing officer

must be selected "no later than five working days following the receipt by the chief administrative officer [of the employing school] of the teacher's written notice of objection."

In contrast, § 22–63–302(9), C.R.S.2000, which governs the procedure for the board's review of the hearing officer's decision, provides that the board must enter a written order "within twenty days after the date of the hearing officer's findings and recommendation." Like the twenty-day limitations period provided in § 22–63–302(10)(b) that is applicable here, the twenty-day period provided for in § 22–63–302(9) is triggered by the entry of the order being challenged, not by the complaining party's receipt of the order.

We note that in 1998 the General Assembly amended portions of § 22–63–302, including subsections (3), (4), (9), and (10). Some of those amendments affected the notification procedures and filing deadlines applicable to different stages of termination proceedings. *See* Colo. Sess. Laws 1998, ch. 104, § 22–63–302 at 297–301.

The General Assembly has thus demonstrated its ability to differentiate between filing deadlines triggered by receipt of an order and those triggered by the entry of an order, and we assume that the General Assembly was aware of the different filing deadlines provided in § 22–63–302 when it enacted the 1998 amendments.

Accordingly, we conclude that, contrary to petitioner's argument, the twenty-day deadline provided for in § 22–63–302(10)(b) is triggered by entry of the board's order, not by the petitioner's receipt of the order.

In reaching this conclusion, we do not foreclose the possibility that § 22–63–302(10)(b) could be interpreted as requiring that a petition for review be filed within twenty days after the order was mailed, as opposed to twenty days from the date the order was entered. We need not address that issue here, however, because the certificate of mailing attached to the Board's order indicates that, in accordance with § 22–63–302(9), a copy of the order was mailed to petitioner the same day the order was entered. *See* § 22–63–302(9)(providing that,

upon entry of the board's written order, the secretary of the board "shall cause a copy of said order to be given immediately to the teacher").

## II.

Petitioner formerly argued that, pursuant to C.A.R. 26(c), three days must be added to the time in which to file the petition for review because the board's order was served on her by mail, and that her petition for review was thus timely filed. However, based on *Lutheran Hospital & Homes Society v. Industrial Commission, supra,* and *Cline v. Farmers Insurance Exchange,* 792 P.2d 305 (Colo.App.1990), petitioner subsequently conceded that argument, and we do not address it.

## III.

■ Petitioner also argues that her failure to file the petition for review within the twenty-day period was the result of excusable neglect, and she asks for an extension of time for filing her petition pursuant to C.A.R. 4(a). Again, we are not persuaded.

As petitioner acknowledges, C.A.R. 26(b) expressly provides that the time prescribed by statute for filing a petition for review of an order of an administrative board may not be extended "except as specifically authorized by law." Because § 22–63–302(10)(b) does not specifically authorize such relief, we have no authority to grant petitioner an extension of time for filing her petition for review. *See City & County of Denver v. Board of Assessment Appeals,* 748 P.2d 1306 (Colo.App.1987).

Accordingly, we conclude that petitioner's appeal was filed late. The order to show cause is therefore made absolute, and the petition for review is dismissed.

Judge ROTHENBERG and Judge KAPELKE concur.