Michael E. JANSSEN, D.O., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF THE STATE OF COLORADO
and Linda Zarlingo, Respondents.

No. 00CA2252.

Colorado Court of Appeals,
Div. V.

Sept. 27, 2001.*

Certiorari Granted Feb. 11, 2002.

* Prior Opinion Announced April 26, 2001, *WITH-*    *DRAWN* Petition for Rehearing *GRANTED*.

Wherry & Carlstead, LLC, Burton I. Wherry, Edward P. Carlstead, Denver, CO, for Petitioner.

Ken Salazar, Attorney General, Mark W. Gerganoff, Assistant Attorney General, Denver, CO, for Respondent Industrial Claim Appeals Office.

Withers, Seidman & Rice, P.C., Christopher Seidman, Grand Junction, CO, for Respondent Linda Zarlingo.

Opinion by Judge TAUBMAN.

In this workers' compensation proceeding, Michael E. Janssen, D.O., seeks review of a final order of the Industrial Claim Appeals Office (Panel) requiring him to repay Linda Zarlingo (claimant) $558 .22 for deposition preparation fees that were in excess of the prescribed amount under the medical fee schedule set forth in a Department of Labor & Employment regulation. He contends that the Administrative Law Judge (ALJ) lacked authority to order the repayment because the Director of the Division of Workers' Compensation has no statutory authority to establish a fee schedule for physicians in connection with litigation services. We affirm.

Claimant asserted a claim for workers' compensation benefits resulting from a work-related injury. Her employer notified Janssen that he was to be deposed in conjunction with claimant's case, although he was not the treating physician. Janssen asked to review the transcript of the treating physician's deposition in preparation for his own deposition. Janssen's office informed claimant that he charged $600 per hour as a consulting fee and that he expected to spend ninety minutes reviewing the deposition. Claimant paid Janssen's $900 fee, but informed him that she would ask the ALJ to order a reduced rate of payment.

Claimant filed a motion with the Executive Department of the Division of Administrative Hearings, asserting that under Rule XVIII(F) of the Workers' Compensation Rules of Procedure, physicians are limited to charging $227.85 per hour for conferences and preparation of special reports. Claimant asked the ALJ to apply this regulation to establish a reasonable payment amount for Janssen's services.

The ALJ agreed with claimant and ordered Janssen to remit to her what the ALJ determined to be an overpayment of $558.22, based upon Janssen's ninety-minute review of the deposition.

Janssen filed a petition for review, but the ALJ concluded that a supplemental order was not necessary. He forwarded the matter to the Panel, which issued a final order affirming the order of repayment.

Janssen appeals from this order.

In April 2001, this division dismissed Janssen's appeal as untimely. However, in his petition for rehearing, Janssen asserts that his appeal was timely because he was entitled to a three-day extension for mailing of the notice of appeal under C.A.R. 26(c). We grant his petition for rehearing and withdraw the prior opinion.

I. Timeliness of Notice of Appeal

■ As a threshold matter, we address Janssen's contention that this court did not lack jurisdiction to consider his appeal because, under C.A.R. 26(c), he was entitled to a three-day extension of time to file his notice of appeal because he received the Panel's order by mail. We agree.

C.A.R. 3.1 provides that an appeal from a final order of the Panel "shall be in the manner and within the time prescribed by statute." Pursuant to § 8–43–301(10), C.R.S. 2000, a party seeking review of the Panel's order must file a notice of appeal within twenty days after the date of the certificate of mailing of such order. *See also* § 8–43–301(2), C.R.S.2000.

However, C.A.R. 26(c) provides that "[w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period."

The facts relating to this issue are not in dispute. Here, the Panel's final order was entered and mailed to the parties on November 16, 2000. Janssen's notice of appeal was

served by mail and was filed twenty-one days later, on December 7, 2001.

The timely filing of a notice of appeal is jurisdictional. *See, e.g., Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995); *Cline v. Farmers Ins. Exch.,* 792 P.2d 305 (Colo.App. 1990); *Lutheran Hosp. & Homes Soc'y v. Indus. Comm'n,* 710 P.2d 496 (Colo.App. 1985). *Cf. Cottman v. Aurora Pub. Sch. Bd. of Educ.,* 42 P.3d 31 (Colo.App.2000) (division noted, but did not address, argument that petitioner's notice of appeal was timely because she received the final order by mail and therefore was entitled to a three-day extension pursuant to C.A.R. 26(c)).

In those cases, divisions of this court have rejected the precise argument made here. Thus, for example, in *Lutheran Hospital & Homes Society v. Industrial Commission, supra,* 710 P.2d at 498, the division held that C.A.R. 3.1 "precludes the application of C.A.R. 26(c) because the time for filing is predicated on the applicable statute, not the appellate rules." C.A.R. 3.1(a), in turn, provides that an appeal from a final order of the Panel "shall be in the manner and within the time prescribed by statute." The applicable statute, § 8–43–301(10), provides that the notice of appeal must be filed within twenty days of the date of the certificate of mailing of the Panel's order.

We conclude, however, that the supreme court's decision in *Matter of Title, Ballot Title & Submission Clause,* 961 P.2d 1077, 1081 (Colo.1998), implicitly overruled that line of cases when it held that C.A.R. 26(a) "guides the computation of time in determining whether a person has complied with the jurisdictional requirement; it does not alter the jurisdictional effect of a statutory deadline for taking an appeal."

In the *Title* opinion, the supreme court held that C.A.R. 26(a) does not alter the jurisdictional effect of a statutory deadline for filing an appeal. That rule provides in pertinent part that when a period of time prescribed by an applicable statute "is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." *See also* § 2–4–108(2),

C.R.S.2001 (if last day of any period is Saturday, Sunday, or legal holiday, period is extended to next day which is not Saturday, Sunday, or legal holiday). The *Title* court determined that the statutory period for filing an appeal from a decision of the Title Board must be considered in conjunction with the time computation provisions of C.A.R. 26(a). The supreme court acknowledged that it may not adopt a rule which alters a jurisdictional limit provided by statute. However, it concluded that C.A.R. 26(a) is a rule that guides the computation of time. Therefore, it did not alter the jurisdictional effect of a statutory deadline for taking an appeal.

We view the logic of the supreme court's analysis in that case as dictating that Janssen be allowed three additional days to file his notice of appeal. This is so because C.A.R. 26(c), like C.A.R. 26(a), is essentially a time computation provision. Based on *Matter of Title, Ballot Title & Submission Clause, supra,* it is reasonable to conclude that the supreme court intended that parties in all substantive areas should derive the benefits of C.A.R. 26(c) and be permitted three additional days to proceed following service by mail. Indeed, this conclusion is especially warranted in workers' compensation proceedings, where the period for filing a notice of appeal is only twenty days. *See* § 8–43–301(10).

Janssen's argument is analogous to the circumstances presented in *Littlefield v. Bamberger,* 10 P.3d 710 (Colo.App.2000). There, a division of this court considered whether C.R.C.P. 6(e), a three-day mailing provision similar to C.A.R. 26(c), applied to motions filed pursuant to C.R.C.P. 59. The panel relied upon *Bonanza Corp. v. Durbin,* 696 P.2d 818 (Colo.1985), which held that parties notified of the entry of judgment by mail under C.R.C.P. 58(a) are entitled to a three-day extension of time pursuant to C.R.C.P. 6(e). The division in *Littlefield* declined to follow *Wilson v. Fireman's Fund Insurance Co.,* 931 P.2d 523 (Colo.App.1996), holding just the opposite, on the ground that the division in *Wilson* had not considered *Bonanza.* Thus, the division in *Littlefield* concluded that the three-day mailing provi-

sion applied to the computation of time for filing a C.R.C.P. 59 motion.

■ We therefore conclude that here, as in *Littlefield* and *Title*, a jurisdictional statutory period for filing a notice of appeal must be applied together with a time computation rule. To the extent that *Lutheran Hospital & Homes Society, supra*, and the above-mentioned related cases would require a different result, we conclude their vitality has been eroded, and we decline to follow them. Instead, following *Title*, we agree with Janssen's contention that the three-day mailing rule in C.A.R. 26(c) applies to claims filed pursuant to § 8–43–301(1) and that his notice of appeal was timely filed.

## II. Rule XVIII(F)(4)

■ With respect to the merits, Janssen asserts that the Panel erred in interpreting and enforcing Department of Labor and Employment Rule XVIII(F)(4) of the Workers' Compensation Rules of Procedure, 7 Code Colo. Regs. 1101–3, to limit his fee because the director does not have statutory authority to regulate fees that are not related to the treatment and care of injured workers. We are not persuaded.

■ Agency rules are presumed valid; therefore, a party challenging a rule has the burden of establishing the invalidity of the rule by demonstrating that the rulemaking body exceeded its statutory authority. *Colorado Ground Water Comm'n v. Eagle Peak Farms*, 919 P.2d 212, 217 (Colo.1996).

■ A reviewing court may not substitute its judgment for that of an administrative agency, and the agency's construction of its own governing statute is entitled to great weight. *Mile High Greyhound Park, Inc. v. Colorado Racing Comm'n*, 12 P.3d 351, 353 (Colo.App.2000).

■ A court reviewing an agency interpretation of a statute must apply a two-part test. The court first must determine whether the General Assembly has directly spoken to the precise question at issue. If the intent is clearly articulated in the statute, the court is required to give effect to such unambiguously expressed intent. *Wine & Spirits Whole-*

*salers of Colorado, Inc. v. Colorado Dep't of Revenue*, 919 P.2d 894, 897 (Colo.App.1996).

■ If the statute is silent or ambiguous with respect to the specific issue, the court must determine whether the agency's interpretation is based on a permissible construction of the statute. When the statute is silent as to the specific issue, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Wine & Spirits Wholesalers of Colorado, Inc. v. Colorado Dep't of Revenue, supra*, 919 P.2d at 897.

Here, § 8–42–101(3)(a)(I), C.R.S.2000, of the Workers' Compensation Act (the Act) provides that the Director of the Division of Workers' Compensation:

> shall establish a schedule fixing the fees for which all ... treatment rendered to employees under this section shall be compensated ... and it is unlawful ... for any physician [to] charge any patient for services, rendered in connection with injuries coming within the purview of this article or an applicable fee schedule which are or may be in excess of said fee schedule.

This statutory language does not specify whether the director's authority to establish fee schedules is limited to fees for treatment, as Janssen contends, or whether it may be extended to litigation expenses. Therefore, our inquiry is whether the agency's interpretation is based on a permissible construction of the statute.

Rule XVIII of the Workers' Compensation Rules of Procedure sets forth the Medical Fee Schedule, as authorized by § 8–42–101(3)(a)(I). *See* Dep't of Labor & Employment Rule XVIII, 7 Code Colo. Regs. 1101–3. Among other things, Rule XVIII(F)(4) addresses "[p]ayment for a physician's testimony at a deposition hearing." The rule is not limited to treating physicians, but rather, by its plain language, applies to all physicians.

Janssen argues that the ALJ's interpretation of Rule XVIII(F)(4) was in error because the director does not have the statutory authority to regulate physician's fees for matters beyond the treatment of injured workers. Janssen asserts that § 8–42–

101(3)(a)(I) allows the director to establish a fee schedule for treatment of injured workers, but not for litigation expenses. Furthermore, he argues that the Statement of Purpose for Rule XVIII allows the director to promulgate the medical fee schedule only for "health care services" and not for litigation expenses. Accordingly, he argues, because deposition review cannot be characterized as either treatment or a "health care service," the Panel's interpretation was in error.

We conclude that the Panel's interpretation of § 8-42-101(3)(a)(I) is permissible.

Section 8-42-101(3)(a)(I) permits the director to establish a fee schedule for treatment expenses. It also states that it is unlawful to charge a patient for services "rendered in connection with injuries coming within the purview of this article" that are in excess of the fee schedule. Thus, litigation expenses may be considered expenses "rendered in connection with injuries coming within the purview of this article." Here, it is undisputed that claimant's injuries are within the scope of the Act.

Therefore, we affirm the Panel's interpretation of the statute to include litigation expenses within the fee schedule established in Rule XVIII.

Order affirmed.

Judge ROTHENBERG concurs.

Judge STERNBERG ** dissents.

Judge STERNBERG dissenting.

This division decided this case on April 26, 2001 and dismissed this appeal. We reasoned that C.A.R. 3.1 precludes the application of C.A.R. 26(c) because the time for filing is predicated on the applicable statute, not the rules, and the statute does not permit us to grant additional time to file a notice of appeal. That decision was correct; thus, we err in granting the petition for rehearing, withdrawing the opinion, and issuing a new opinion that creates a divergent line of authority. Therefore, I respectfully dissent.

C.A.R. 3.1 provides that an appeal from a final order of the Panel must be "within the time prescribed by statute." Section 8-43-301(10), C.R.S.2000, is that statute. It provides that any party seeking review of the Panel's order must file a notice of appeal with this court "within twenty days after the date of the certificate of mailing of such order."

C.A.R. 3.1 recognizes that special statutory proceedings are governed by their own procedural scheme and are not to be supplemented. *See Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1984); *Gardner v. Friend,* 849 P.2d 817 (Colo.App. 1992). Thus, a division of this court has previously held that § 8-43-301(10) prohibits this court from granting additional time in which to file a notice of appeal, *see Western Empire Constructors, Inc. v. Industrial Claim Appeals Office,* 769 P.2d 1089 (Colo. App.1989), and that C.A.R. 3.1 specifically precludes application of C.A.R. 26(c) because the controlling statutes do not permit additional time when the final order is served by mail. *See Lutheran Hosp. & Homes Soc'y v. Indus. Comm'n,* 710 P.2d 496, 498 (Colo.App. 1985).

The majority acknowledges this precedent, but states that the cases, statute, and rule have been implicitly overruled by the supreme court's decision in *Matter of Title, Ballot Title & Submission Clause,* 961 P.2d 1077 (Colo.1998). However, this requires a leap of logic I cannot make. In my view *Title* does not support a conclusion that the supreme court intended that parties in all appeals, including administrative appeals, should be permitted three additional days under C.A.R. 26(c) to file their notice of appeal. To reach that result, here, an amendment to § 8-43-301(10) would be required.

The reasoning in *Title* addressed only the application of C.A.R. 26(a), which, by its very terms, pertains strictly to the computation of time as set forth in the "rules, by an order of court, or by any applicable statute." That rule speaks to practical concerns such as

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24-51-1105, C.R.S.2000.

computing time periods that end on a weekend or that are fewer than seven days, such as in *Title.* Because C.A.R. 26(a) merely provides guidance as to how a prescribed period is to be determined and does not purport to "expand" the time for filing, the supreme court concluded that it does not alter the jurisdictional effect of a statutory deadline for taking an appeal.

Conversely, C.A.R. 26(c), by its own terms, adds three days to a prescribed period when service has been made by mail. Its plain language subverts the majority's attempt to classify it as a computational guideline similar in nature to C.A.R. 26(a). Further, the rule is self-limiting in that it expressly provides that it does not apply to the notice of entry of judgment or notice of disposition of motions, which may be transmitted by mail as provided in C.A.R. 4(a). Consequently, it is questionable whether the three-day mailing rule under C.A.R. 26(c) may be applied to enlarge the filing time for ordinary civil appeals brought under C.A.R. 4(a). *See Cline v. Farmers Insurance Exchange,* 792 P.2d 305 (Colo.App.1990)(time for filing notice of cross-appeal triggered by date of filing, rather than service, of notice of appeal).

More importantly, C.A.R. 26(b), which the majority ignores, forbids application of the rule to this case. Under that rule, this court is prohibited from "enlarg[ing] the time *prescribed by law* for filing a petition ... [for] review, or a notice of appeal from, an order of an administrative agency, board, commission, or officer of the State of Colorado, except as *specifically authorized by law*" (emphasis supplied).

Consequently, in my view, *Title* is inapposite. I further conclude that applying C.A.R. 26(c) in these circumstances would alter the statutory jurisdictional requirement set forth in § 8–43–301(10) and thereby abrogate C.A.R. 3.1 and established precedent.

Nor does *Littlefield v. Bamberger,* 10 P.3d 710 (Colo.App.2000), provide any support, analogous or otherwise, for the majority's analysis. That decision involved the application of C.R.C.P. 6(e), a comparable three-day mailing rule, to motions filed pursuant to C.R.C.P. 59. It did not involve the jurisdictional requirements for bringing an appeal

under either C.A.R. 3.1 or 4(a). Moreover, C.R.C.P. 6(e) does not apply to the period prescribed for filing a petition to review in a workers' compensation proceeding. *See Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995). Significantly, the statutory language in § 8–43–301(10) mirrors the language used in § 8–43–301(2), C.R.S.2000, to define the jurisdictional period in which review must be commenced.

If C.A.R. 26(c) is to be applied to administrative appeals, and in particular, to those subject to C.A.R. 3.1, such intention must be expressed by the General Assembly in the controlling statutory provisions. Instead of following a long line of existing authority, the majority opinion creates a divergent line of authority, which will lead to uncertainty in the law until and unless the issue is resolved by the supreme court or the General Assembly.

Accordingly, I would dismiss this appeal.