**INDUSTRIAL CLAIM APPEALS OFFICE, Petitioner,**

v.

**Linda ZARLINGO and Michael E. Janssen, D.O., Respondents.**

**No. 01SC710.**

Supreme Court of Colorado,
En Banc.

Oct. 28, 2002.

Rehearing Denied Nov. 25, 2002.

John Baird, First Assistant Attorney General, State Services Section, Denver, Colorado, Attorney for Petitioner.

Withers, Seidman, & Rice, P.C., Christopher Seidman, Grand Junction, Colorado, Attorney for Respondent Zarlingo.

Wherry & Carlstead LLC, Edward P. Carlstead, Burton I. Wherry, Denver, Colorado, Attorneys for Respondent Janssen.

Justice COATS delivered the Opinion of the Court.

The Industrial Claim Appeals Office petitioned for review of a court of appeals' decision to entertain an appeal filed one day after the deadline imposed by section 8–43–801(10), 3 C.R.S. (2002). *See Janssen v. Industrial Claim Appeals Office,* 40 P.3d 1 (Colo.App.2001). The court of appeals held that C.A.R. 26(c) gave Dr. Janssen three additional days to file a notice of appeal from an adverse decision of the ICAO panel. Because C.A.R. 3.1 requires appeals from orders of the ICAO to proceed in the manner and within the time prescribed by statute, the judgment of the court of appeals is reversed.

I.

The claimant, Linda Zarlingo, hired Michael Janssen, D.O., to give a deposition on her behalf in her workers' compensation hearing. She later complained that the rate Dr. Janssen charged exceeded the statutory limit for expert testimony by physicians. The presiding Administrative Law Judge agreed and ordered Dr. Janssen to repay the claimant the amount that he had overcharged her. Dr. Janssen appealed to the Industrial Claim Appeals Office, which affirmed the ALJ's decision and mailed its order to the parties as required by statute.

Dr. Janssen filed a notice of appeal in the court of appeals twenty-one days after the date of the certificate of mailing. In reliance on section 8–43–301(10), 3 C.R.S. (2002), which allows a dissatisfied party twenty days after the date of the certificate of mailing within which to appeal from ICAO decisions, the court of appeals initially dismissed, but on rehearing, a majority of the court decided to entertain Dr. Janssen's appeal. Although prior court of appeals decisions had reached the opposite conclusion with regard to the applicability of C.A.R. 26(c) to ICAO appeals, the court concluded that our decision in *Matter of Title, Ballot Title & Submission Clause,* 961 P.2d 1077 (Colo.1998), implicitly overruled that line of cases[1] and "intended

---

1. Specifically, the court of appeals referenced its     decisions in *Lutheran Hosp. & Homes Soc'y v.*

that parties in all substantive areas, should derive the benefits of C.A.R. 26(c) and be permitted three additional days to proceed following service by mail." 40 P.3d at 3.

Despite the court of appeals' ultimate affirmance of the panel's decision, the ICAO petitioned this court for a writ of certiorari to determine whether the court of appeals correctly interpreted the relationship between section 8–43–301(10) and C.A.R. 26(c).[2]

## II.

C.A.R. 26 is included among the "General Provisions" of the appellate rules and is entitled "Computation and Extension of Time." Paragraph (c) of the rule indicates that "[w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period." *Id.* This paragraph also expressly indicates, however, that it does not apply to the time for filing notices of appeal in civil cases governed by C.A.R. 4(a), which runs instead from the date of the mailing of the notice of the judgment, decree, or order being appealed if notice is transmitted by mail.

Appeals from the Industrial Claims Appeals Office are not actually governed by the provisions of C.A.R. 4(a) for the reason that they are governed by the even more specific provisions of C.A.R. 3.1. *See* C.A.R. 4(a) (Appeals in Civil Cases (Other than Appeals or Appellate Review Within C.A.R. 3.1)). Rule 3.1 makes clear that both the manner and timing of appeals from orders and awards of the Industrial Claim Appeals Office shall be controlled by statute. By statute, the legislature has mandated that notice of ICAO orders be mailed to all parties of record, and like the formula of Rule 4(a) for notices of appeal in other civil cases, the statute limits the time for seeking review in the court of appeals to a specific number of days *after the date of mailing.* § 8–43–301(10) ("twenty days after the date of the certificate of mailing of such order").

To. the extent that C.A.R. 26(c)'s own exception for notices of appeal does not also clearly demonstrate an intent to exempt notices of appeal from ICAO orders, C.A.R. 3.1 nevertheless contains the more specific provisions. In contrast to Rule 26(c), which applies generally to papers filed in proceedings governed by the appellate rules, Rule 3.1 specifically addresses a particular kind of appeal and, in conjunction with the statutory standards it incorporates, a particular paper initiating that kind of appeal. As with statutes, specific and general rules of court should be construed harmoniously where possible. *See Leaffer v. Zarlengo,* 44 P.3d 1072, 1078 (Colo.2002); *see also Patterson v. Cronin,* 650 P.2d 531, 534 (Colo.1982). But where their provisions are irreconcilable, both rules must be given effect by treating the specific provision as a special case or exception to the general provision. *See Zarlengo,* 44 P.3d at 1078; *see also* § 2–4–205, 1 C.R.S. (2002). The addition of three days to the time otherwise allowed for a party to act, offsetting the likely delay in actual notice to that party caused by mailing, simply cannot be reconciled with a time limit that already accounts for mailing by prescribing a specified number of days, measured from the date of mailing. *See* § 8–43–301(10).

Nor does our holding in *Matter of Title, Ballot Title & Submission Clause,* 961 P.2d 1077 (Colo.1998), suggest otherwise. In *Title,* we applied the provisions of C.A.R. 26(a) to compute the five-day period permitted for petitioning this court to review an action of the Title Board. Among other things, Rule 26(a) articulates in detail the method for computing periods of fewer than seven days that are prescribed by either statute or rule, including the way in which first and last days, holidays, and weekend days should be treated in the calculation. The statute prescribing the five-day period for seeking review in *Title* offered no directions for the computation of this time period, much less directions contrary to those of the rule. *See* § 1–40–107(2), 1 C.R.S. (2002).

*Indus. Comm'n,* 710 P.2d 496 (Colo.App.1985); and *Digital Equip. Corp. v. Indus. Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995).

**2.** We granted certiorari on the following issue: Whether a party seeking judicial review in a special statutory proceeding is entitled to the additional 3 days provided under C.A.R. 26(c) within which to file a notice of appeal when the final agency decision for which review is sought is served by mail.

738

Under those circumstances, the appellate rule provided specific guidance for implementing the statutorily prescribed time period. By contrast, C.A.R. 26(c) directly conflicts with the time period prescribed by section 8–43–301(10). The appellate rule purports to add three days to time periods (not otherwise exempted) to account for service by mail, while the statute already accounts for mailing by expressly limiting the time for appeal of mailed ICAO orders to a specific number of days from the date of mailing. Rather than suggesting that C.A.R. 26 controls over conflicting time provisions of other rules and statutes, or requiring an automatic three-day extension of time after service by mail "in all substantive areas," *see Janssen*, 40 P.3d at 3, our decision in *Title* merely applied a computational rule to a statute that offered no conflicting computational direction of its own.

### III.

For these reasons, the judgment of the court of appeals applying C.A.R. 26(c) to extend by three days the period within which to commence an action for judicial review of an order of the Industrial Claims Appeals Office is reversed, and the case is remanded for further proceedings consistent with this opinion.